RUFUS N. RAMSAY

v.

THE COUNTY OF CLINTON.

92   225
34a  421
92   225
137  228

1. REMEDY—*when remedy at law complete.* If money paid by a county to its clerk be recoverable back by the county, the action at law for money had and received is a full and complete remedy, and where no fraud is shown a resort can not be had to a court of equity.

2. LIMITATIONS—*statute may be pleaded against municipal corporation.* This court has recognized the doctrine that in an action on contract or for tort a municipal corporation may plead, or have pleaded against it, the Statute of Limitations.

APPEAL from the Circuit Court of Clinton county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. VAN HOOREBEKE, MURRAY & ANDREWS, for the appellant:

The remedy was at law. *Kilgore* v. *The People,* 76 Ill. 548; *Clinton County* v. *Schuster,* 82 id. 137.

The Statute of Limitations runs against a municipal corporation or county. Dillon on Municipal Corp. p. 517, sec. 533; Angell on Lim. p. 33, sec. 38; *Evans* v. *Erie Co.* 66 Penn. St. 228; *City of Cincinnati* v. *Evans,* 5 Ohio St. 602; *Green et al.* v. *State, etc.* 8 id. 310; *Thevenin* v. *Lessee of Slocum,* 16 id. 527; *State Bank* v. *Brown,* 1 Scam. 106; *Logan Co.* v. *City of Lincoln,* 81 Ill. 156; *Leroy* v. *City of Springfield,* id. 114.

Mr. F. A. LIETZE, for the appellee:

Appellant insists that there is a complete remedy at law, and in analogy to this cites *Kilgore* v. *The People,* 76 Ill. 548, and *County of Clinton* v. *Schuster,* 82 id. 137; but I am unable to perceive where or in what the analogy of those cases and the case before the court consists. Kilgore and Schuster were both officers elected after the adoption of the new constitution, and received a fixed salary as compensation, and any excess which they received as fees or emoluments above their compen-

15—92 ILL.

sation, they were bound to pay into the county treasury. Is this the case with appellant? He was elected before the adoption of the new constitution (1869), and all fees and emoluments which he received, no matter whether by fraud or mistake, would go into his pocket and be his property. The fees and allowances made to appellant were made by the county court. They are final and conclusive, and can only be impeached for fraud or mistake. *Kinney* v. *The People,* 3 Scam. 360; *Washington County* v. *Pablier et al.* 5 Gilm. 232.

Mistake is cognizable in chancery only. *Newlan* v. *Dunham,* 60 Ill. 233.

Appellant likewise interposes the Statute of Limitations, which he successfully might if appellee were to proceed in an action at law, but which a court of equity will prevent to be interposed in cases like the one before the court now. See *Supervisors* v. *Winnebago Swamp and Drainage Co.* 52 Ill. 299; Story's Equity, § 1521.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, filed by the county of Clinton for the purpose of recovering back certain allowances alleged to have been made to the defendant as county clerk of said county, for services and otherwise, to which he was not entitled by law.

The bill charges that defendant, through fraudulent representations, obtained these allowances when he was not entitled to them, and that the county court of the county, believing them to be correct, allowed the claims by mistake.

The answer, after specifically denying every allegation of the bill in respect of fraud and fraudulent representations, among other things sets up and relies upon the Statute of Limitations as a defence, and that the remedy, if any, is complete at law.

The decree of the court was that complainant recover of the defendant $4755 and costs. The decree is a special one, show-

ing what items are embraced in the total amount, and for which complainant recovers, and they are as follows:

1. For indexing tax sale records,   -     -     -     -   $2100
2. For footing assessment,   -     -     -     -     -     200
3. For making report of the taxes for the Auditor,   -   750
4. For filing assessor's blanks,   -     -     -     -    705
5. For arranging county clerk's office,   -     -     -   1000

    Total,   -     -     -     -     -     -     -    $4755

Defendant held the office of county clerk of the county from December, 1865, to December, 1873.

The indexing of the tax sale records was under these circumstances:   On September 4, 1871, the county court passed the following order:   "Ordered, that the county clerk index the tax sale records, lands and town lots, in the county of Clinton, from the year 1864 up to the latest sales."

In pursuance of this order defendant made the indexes, which were used and paid for by the county.  There were some 20,000 or more entries.  There was no law upon the subject until on the first day of July, 1872, when an act of the legislature went in force authorizing county clerks to make an index of the tax sale records.

The item for footing assessment was an allowance for work which the assessor failed to do in completing his books, as required by law; the county order therefor is dated September, 1867, and is issued for footing assessment, $200.

For making abstract of taxes for the Auditor, the evidence is that defendant was allowed, on an average, $125 per year, and that it was worth that and over.  The statute appears explicitly to provide for the payment of this service by the county court, the amount being discretionary.

As to filing assessor's blanks, the evidence was that for six years defendant was allowed for filing assessor's blanks; that he filed them every year.  The accounts for such filing were not always presented at the time, but were afterwards presented and allowed.  The statute required the assessor to return the

blanks to the county clerk, and made it the duty of the county clerk to carefully file and preserve them for one year. The act of 1865 contained the provision, that "the clerks of the county courts shall be allowed the same fees as are provided for clerks of the circuit court for similar services to those required of circuit clerks, where the same is not herein otherwise provided, etc.; and for filing each paper relating to county business, five cents." The statute in regard to fees of circuit clerks allowed for filing each paper, ten cents. Under these statutes the county court paid the $705 for filing assessor's blanks.

As to the last item in the decree, $1000 for arranging county clerk's office, it appears that the office, when defendant came into it, was in a condition of chaos and confusion; that from the adoption by the county court of the numerical instead of the alphabetical system, it was necessary to make a complete index to all papers of estates in the probate court; that the work of arranging the office was done by direction of the county court, and defendant was allowed $1000 for it, the work, exclusive of indexing the estates, actually costing that amount.

There is no evidence of any fraudulent practice or of any fraudulent representation by the defendant in any respect whatever, or of any mistake of fact. There is no question as to the performance or value of the services, or that the allowances were not made in good faith, under the honest belief that defendant was entitled to them,—all the mistake in the matter, if any, being one of law, as to the defendant being legally entitled to these allowances which were made to him.

Without expressing any opinion upon the merits of the case, as to whether defendant could have recovered from the county in respect of these services, or whether, payment having been made, it was recoverable back by the county, we think the defences set up of a remedy at law and of the Statute of Limitations should prevail against this suit.

If the money be recoverable back by the county, we do not

perceive why the action at law for money had and received is not a full and complete remedy. Upon the proofs in the case, not regarding mere averments of the bill, we fail to perceive any element of such an equitable nature as will warrant resort to a court of equity.

The bill was filed April 9, 1877. All the items mentioned in the decree accrued and were paid for prior to April 9, 1872. We think the five years' limitation of the statute should apply against them.

It is laid down in 2 Dill. Mun. Corp. § 533, that in an action on contract or for tort, a municipal corporation may plead or have pleaded against it the Statute of Limitations. This court has recognized the same doctrine. *Logan County* v. *City of Lincoln,* 81 Ill. 156; *Leroy* v. *City of Springfield,* id. 114.

We are of opinion that in an action of the present character, for the recovery back of a payment honestly made and received in discharge of a claim preferred against the county, the Statute of Limitations may well apply against a county.

The judgment will be reversed.

*Judgment reversed.*