HAMBLEN COUNTY *v.* CAIN.

(*Knoxville.*   September Term, 1905.)

1. **UNCLAIMED FUNDS.** When paid to county by clerk do not escheat.

Funds paid into the county treasury under the statute requiring clerks of courts to pay into the county treasury all sums due to witnesses, officers, and others, that may have been collected by such clerks and which have been in their hands for more than two years, do not become the property of the county or State under the law of escheat.

Code cited and construed: Secs. 660, 661, 664 (S.); secs. 577, 578, 581 (M. & V.); secs. 520, 521, 524 (1858).

Case cited and overruled: Deaderick v. Washington County, 1 Cold., 202.

Case cited: Head v. Barry, 1 Lea, 753.

2. **SAME.** Are held by county as trustee.

Such funds, when paid into the county treasury, are held by the county merely as a trustee for the parties entitled to claim them.

3. **STATUTE OF LIMITATIONS.** Ten years bars action against clerk for unclaimed fees.

An action against a clerk to require him to pay such funds into the county treasury may be defeated by a plea of the statute of limitations of ten years.

Code cited and construed: Sec. 4473 (S.); sec. 3473 (M. & V.); sec. 2776 (1858).

Case cited and approved: Hughes v. Brown, 88 Tenn., 573.

4. **SAME.** Does not run against county when acting as an arm
   of the State government.

The statute of limitations does not run against a county when
seeking to enforce a demand arising out of, or dependent upon,
the exercise of its governmental functions as an arm of the
State government.

## FROM HAMBLEN.

Appeal from Chancery Court of Hamblen County.—
HUGH G. KYLE, Chancellor.

ESSARY & KING and HICKEY & HICKEY, for Hamblen
County.

J. A. CARRIGER, for Cain.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought December 28, 1904, in the
chancery court of Hamblen county, to recover of the de-
fendant $670.40, fees for witnesses, officers, etc., left in
his hands uncalled for, that had accumulated prior to
the year 1878, during the eight years of his service as
clerk of the circuit court of the county next before the
said year 1878. The bill charges that these moneys are
still in his hands. A demurrer was filed, making the

defenses of the ten-year statute of limitations, provided by Shannon's Code, section 4473, the statute of limitations of six years, the presumption of payment from long lapse of time, and laches. The chancellor sustained the first and last grounds stated, and dismissed the bill. Thereupon the complainant appealed and has assigned errors.

The action is brought under Shannon's Code, section 661, which reads as follows:

"The judge or chairman of the county court is also required in making settlements with clerks, to ascertain what amount of money is in their hands due to witnesses, officers, and others, which may have been collected by them from suitors, or from the State or county treasury, and which has been in the hands of the clerk for more than two years, and such sums shall be paid into the county treasury as other county revenue."

The preceding section (660) gives the chairman or county judge power to require the clerks of the various courts of his county to exhibit their books, records, etc., to him with a view to ascertaining revenue collected by such officer for the use of the county.

It was held in *Deaderick* v. *Washington County* that such moneys were due to the county under the familiar law of escheats. 1 Cold., 202. See, also, *Head* v. *Barry*, 1 Lea, 753. But in the later case of *Johnson* v. *Hudson*, 96 Tenn., 630, 36 S. W., 380, it was in effect, denied that funds of this character were collected by the county under the law of escheats. Special stress was laid upon

section 664, which provides, in substance, that funds, when so paid into the county treasury, shall there remain subject to the demand of the original owners, and shall be paid to them on such demand, without limit of time. Construing this section along with section 661, it was held that the county acted merely as trustee for the parties, for the purpose of safeguarding their funds; that the funds when so paid into the county treasury were the property of such original owners, and not of the county.

This is the latest authority, and is controlling. It follows that the ten-year statute of limitations, which protects clerks, in terms, was a bar to the present claim. Under the facts stated, and the authority last cited, the trust relation created would not be of that character which would escape the effect of the statute of limitations. For the principles governing this subject, see *Hughes* v. *Brown*, 88 Tenn., 578, 13 S. W., 286, 8 L. R. A., 480.

Of course, the statute of limitations does not run against a county, when seeking to enforce a demand arising out of the exercise, or dependent upon the exercise, of its governmental functions as an arm of the State government. But the record before us does not present a case of that character.

It results that the first ground of demurrer stated must be sustained, and the bill dismissed, affirming the chancellor.

Let a decree be entered accordingly, with costs.