NELSON *et al. v.* LOUDON COUNTY *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

WATKINS & WATKINS and BEN B. SIMPSON, all of Loudon, for complainants.

DANNEL & FOWLER, of Loudon, for defendants.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Jim Smith was indicted at the July 1928 term of court for the unlawful transportation of intoxicating liquors in quantity of one gallon or more. He entered a plea of guilty of "V. B. D. L." (violation of bone dry law). The jury fixed his fine at $250. The court pronounced judgment that Smith "for his said offense shall forfeit and pay to the State of Tennessee for the use of Loudon County, a fine of $250.00, a State and County expense fee of $5.00 each, together with all the costs of the cause. And for further punishment thereto shall be confined in the workhouse of Loudon County for a period of ninety days, . . ."

After serving the workhouse sentence, in order to secure the payment of the fine and costs adjudged against him, Jim Smith, as principal, and Ned Nelson and Rufe Thompson (complainants herein) as sureties executed a workhouse bond to the State of Tennessee for the use of Loudon County, in the sum of $285.25, dated May 29, 1929, payable in installments of $12 per month, and the bond authorized and empowered the Circuit Court

634

Clerk of Loudon County to confess judgment thereon against all parties thereto before any justice of the peace of Loudon County upon any installment remaining past due for ten days. On November 14, 1929, there was paid on the bond the sum of $24, leaving a balance of $265.25. After having mailed notices at various times to all the parties liable on the bond, on August 30, 1938, the circuit court clerk confessed judgment on the bond, for the balance due, against all the parties on the bond, including complainants, for $265.25.

Complainants, on November 28, 1938, filed their bill herein against Loudon County and Perry Guider, sheriff of that county, to enjoin execution upon the judgment mentioned above and seeking to have the judgment declared void, upon the ground that the bond at the time judgment was confessed thereon was barred by the six-year Statute of Limitations.

Defendants by answer asserted, in substance, that the State of Tennessee being the real party in interest, action on the bond was not barred by any Statute of Limitations.

A certified copy of the fine and cost bill, made a part of the record, shows the following items paid: State Expense Fee, $5; State Tax, $5; Attorney General Fee, $5. And shows the fine of $250, and other items not paid.

At the hearing, the chancellor found (1) That the last installment under the bond matured more than six years before the confession of judgment; (2) the State of Tennessee had received all monies to which it was entitled under the law from the proceeds of the workhouse bond; (3) that the clerk of the court was not proceeding as an arm of the State in relation to a sovereign, public or governmental right and the confession of judgment was void as exercised more than six years after due date of the last installment, and the clerk's authority to

confess judgment was revoked by the running of the six-year Statute of Limitations. Pursuant to these findings the court decreed that the judgment on the workhouse bond was void and that execution thereunder be perpetually enjoined.

From this decree, defendants have appealed to this court and assigned errors.

It is first complained that the chancellor erred in holding that the State of Tennessee had received all monies to which it was entitled under the law from the proceeds of the workhouse bond.

Smith was indicted for the unlawful transportation of intoxicating liquors in the quantity of one gallon or more, which under Chapter 2, Public Acts 1923, Code, Section 11218, is made a felony.

Section 11798 of the Code (Shannon's 7211) provides: "All fines and forfeitures in state cases, when the indictment is for a felony, go to the State, and, in all other cases, to the county in which the indictment was found."

Section 1258 of the Code (Shannon's 707) provides as follows:

"Fines, amercements, forfeitures, and recoveries in criminal cases, constitute a part of the revenue of the state, and shall be paid into the state treasury, in the following cases:

"(1) All fines and forfeitures which may be recovered in any case in which the defendant is indicted for a felony, whether he is convicted of a felony or of an offiense less than felony," etc.

Under section 1258 the fine of $250 imposed upon Smith constituted a part of the revenue of the State, to be paid into the state treasury.

Complainants rely on section 12026 of the Code (Shannon's 7417) which is as follows: "In all cases where a

person is by law liable to be imprisoned in the county jail for punishment, or for failure to pay a fine and costs, or costs only, as the case may be, in misdemeanor cases, and in felony cases where the punishment has been commuted from confinement in the penitentiary to the county jail or workhouse, he shall be sentenced to be confined, and shall be confined, at hard labor in the county workhouse until the expiration of his sentence of imprisonment, and thereafter, until the fine and costs, or costs only, as the case may be, have been worked out, paid, or secured to be paid. All such fines and costs shall be paid to the county trustee, upon receivable warrant of the judge or chairman of the court, when paid by the prisoner or his sureties.''

Section 12026 does not undertake to define what is state what is county revenue and in no way modifies sections 1258 and 11798, *supra.* It would be the duty of the county trustee to pay into the State treasury all monies received by him from fines and costs belonging to the State.

The provisions contained in the Code for the limitation of actions do not apply to actions brought by the State of Tennessee, unless otherwise expressly provided. Code 8579. In *Hamblen County* v. *Cain,* 115 Tenn., 279, 89 S. W., 103, it was said that the Statute of Limitations does not run against a county when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the State government. If Smith had served out the fine and costs in the workhouse, this would have been a collection as a governmental function. Under the provisions of section 12033 of the Code (Shannon's 7424) complainants, as sureties, bailed Smith out of the workhouse and agreed to pay the State of Tennessee, for the use of Loudon County,

the sum of $289.25 in monthly installments of $12. The collection of the fine and costs through the medium of the bond did not, we think, change the exercise of power from a governmental function to a private function.

Our conclusion is that the assignments of error are well taken and the decree of the chancellor is accordingly reversed and the case remanded for such further proceedings as may be found necessary. Complainants will pay the costs of the cause.