WOOD v. CANNON COUNTY.—166 S. W. (2d), 399.

Middle Section.  June 13, 1942.

Petition for Certiorari denied by Supreme Court, December 5, 1942.

Cummings & Melton, of Woodbury, for plaintiff in error.
Bryson & Elledge, of Woodbury, for defendant in error.

FELTS, J.   This is a suit by J. H. Wood against Cannon County for $333.34, as the balance on his salary as tax assessor of the county. The compensation of tax assessors of most of the counties is regulated by Code, section 1338; but in Cannon County it is fixed by a special act, Chapter 455, Private Acts of 1927, at "$1,000.00 per annum payable quarterly out of the County Treasury upon a County warrant of the Judge or Chairman of the County Court." Plaintiff Wood was elected tax assessor of Cannon County at the regular August election in 1932 for the term beginning September 1, 1932 and ending August 31, 1936. At the time of his election he was a member of the county court, and was, therefore, ineligible to hold the office of tax assessor. Code, section 1337. On January 1, 1933, just after participating in the election of a chairman of the county court, he resigned as justice of the peace, and qualified and took office as tax assessor. He held this office from January 1, 1933, until August, 1936, when he was re-elected, and he held for a second term or until August 31, 1940. During his first term he was paid the full salary of $1,000 per annum, or $4,000, and he was paid all of his salary during his second term except $333.34, for the quarter from September 1 to December 31, 1936. The chairman of the county court declined to pay him for that quarter, upon the ground that he had been paid his salary for the corresponding quarter of his first term (September 1 to December 31, 1932) before he had taken office.

He brought this suit January 21, 1941, before a justice of the peace, who rendered judgment for him for $333.34 and costs. The county appealed to the circuit court, where it filed a plea of setoff, seeking to set off the $333.34 paid plaintiff for the quarter from September to December, 1932, before he took office, against the sum sued for, his salary for the quarter from September 1 to December 31, 1936. He pleaded that the sum thus sought to be set off had been paid him eight years ago and that if the county ever had a right to recover it, such right accrued more than six years before and was barred by the statute of limitations of six years. The circuit judge, trying the case without a jury sustained the plea of setoff, and dismissed the suit.

Plaintiff appealed in error and insisted that the court should not have sustained the plea of setoff but should have awarded him a recovery for the sum sued for.

In reply the county attacked Chapter 455, Private Acts of 1927, the act under which plaintiff claims, as unconstitutional. Such attack, however, was not made in the circuit court and was sought to be made for the first time in this Court. On account of the presence of this constitutional question, we transferred the case to the Supreme Court. That Court, however, holding that the question of constitutionality could not be raised for the first time in this Court, remanded the case.

So we proceed to determine whether the county's plea of setoff should have been sustained, or whether it was barred by the statute of limitations of six years. The county's right to recover the $333.34 which it paid plaintiff as salary from September 1, to December 31, 1932, to which he was not entitled because he did not hold the office, accrued as soon as such payment was made; but plaintiff's claim to the sum sued for, his salary for the quarter from September 1 to December 31, 1936, accrued after the latter date. Thus the pleaded setoff arose out of a different transaction, not connected with plaintiff's claim, and is not a matter of defense or recoupment against that claim (Arco Co. v. Garner & Co., 143 Tenn., 262, 227 S. W., 1025); but is an independent demand which accrued four years before the accrual of plaintiff's demand and eight years before he brought this suit. Such an independent demand may be the basis of an independent suit or may be sued on by way of setoff. Code, secs. 8768, 8772; Holland v. Cooperage & Lumber Co., 154 Tenn., 174, 285 S. W., 569; Mann v. Smith, 158 Tenn., 463, 14 S. W. (2d) 722.

While the statute of limitations does not run against a matter which arises out of the plaintiff's cause of action and which is set up as a recoupment or defense against his suit (Lewis v. Turnley, 97 Tenn., 197, 205, 36 S. W., 872, and cases there cited; 34 Am. Jur., 57, 58), it does run against an independent demand or cause of action, whether such cause of action be asserted by an independent suit or by a plea of setoff. Mann v. Smith, supra; Annotations, 16 A. L. R., 328, 73 A. L. R., 575. But where such an independent demand or

cause of action is not barred at the commencement of the action to which it is pleaded as a setoff, it does not become barred during the pendency of that action. Otherwise stated, the bringing of a suit by plaintiff arrests the running of the statute against a demand pleaded by defendant as a setoff to such action. Lewis v. Turnley, supra; Mann v. Smith, supra; Annotation, 127 A. L. R., 909, 910. In the present case, however, the county's cause of action to recover of plaintiff the amount wrongfully paid him accrued at the time of such payment and more than six years elapsed between such accrual and the bringing of plaintiff's suit. So the question is whether during the lapse of that period the statute of limitations ran against the county and barred the demand it seeks to set off against plaintiff's claim.

The statute of limitations does not run against the sovereign or the state, or against a county, when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the state. Central Hospital for Insane v. Adams, 134 Tenn., 429, 183 S. W., 1032, L. R. A. 1916E, 94; Nelson v. Loudon County, 176 Tenn., 632, 144 S. W. (2d), 791. But the statute does run against a county or municipality in respect of its claims or rights which are of a private or corporate nature and in which only its local citizens are interested, as distinguished from a public or governmental matter in which all the people of the state are interested. Shelby County v. Bickford, 102 Tenn., 395, 52 S. W., 772; Hamblen County v. Cain, 115 Tenn., 279, 89 S. W., 103; City of Knoxville v. Gervin, 169 Tenn., 532, 89 S. W. (2d), 348, 103 A. L. R., 877; City of Los Angeles v. Los Angeles County, 9 Cal. (2d), 624, 72 P. (2d), 138, 113 A. L. R., 370; Annotation, 113 A. L. R., 376.

In the present suit we think the county's claim to recover the sum illegally paid plaintiff is a private or corporate matter in which only the citizens of the county are interested, and not a public or governmental matter in which all the people of the state are interested. Our Supreme Court has said that the compensation of a county officer is an individual or private, and not a governmental, matter. State v. Kerby, 136 Tenn., 386, 189 S. W., 859; State ex rel. v. Stewart, 147 Tenn., 375, 247 S. W. (2d), 984; Peters v. O'Brien, 152 Tenn., 466, 278 S. W., 660; Roberts v. Roane County, 160 Tenn., 109, 23 S. W. (2d), 239. In Peters v. O'Brien, Mr. Chief Justice Green, delivering the opinion for the Court, said: "The act [a private act fixing the salary of the trustee of Carter County] primarily affects the trustee as an individual, not Carter county in its governmental capacity. . ." 152 Tenn., 468, 278 S. W., 660. And this observation was repeated in Roberts v. Roane County, dealing with a private act fixing the salary of the sheriff of that county. 160 Tenn., 120, 23 S. W. (2d) 239. In other jurisdictions it has often been held that a claim by a county or a town to recover money illegally paid to, or retained by, one of its officers is a private, and not a governmental,

right; and that the statute of limitations runs against such a claim. Board of Commissioners of Woodward County v. Willett, 1915, 49 Okl., 254, 152 P., 365, L. R. A. 1916E, 92; Ramsay v. County of Clinton, 1879, 92 Ill., 225; People v. Davis, 1910, 157 Ill. App. 438; Board of Commissioners of Dearborn County v. Lods, 1893, 9 Ind. App., 369, 36 N. E., 772; Armstrong v. Dalton, 1834, 15 N. C., 568; Bannock County v. Bell, 1901, 8 Idaho, 1, 65 P., 710, 101 Am. St. Rep. 140; see other cases collected in the Annotation, 113 A. L. R., 376. In this case we think the claim of the county was barred by the statute of limitations of six years before plaintiff brought his suit; and that for this reason the claim could not be allowed as a setoff.

The pleaded setoff being out of way, plaintiff's right to recover is clear. He was duly in office, performed the services, and became entitled to the amount fixed by the statute, the sum sued for.

The judgment of the circuit court is reversed and judgment will be entered in this court for plaintiff against the county for $333.34, together with all the costs of the cause, including the costs of this appeal in error.

Crownover, P. J., and Howell, J., concur.