Jossie H. Jennings, Admrx., Petitioner,

*v.*

Davidson County, Tennessee, Respondent.

(*Nashville*, December Term, 1960.)

Opinion filed March 10, 1961.

E. T. Hollins, Jr., Nashville, for petitioner.

Shelton Luton, Nashville, for respondent, Davidson County.

Mr. Justice Swepston delivered the opinion of the Court.

We granted certiorari in this case because the determinative question has not heretofore been expressly decided by the appellate courts of this State and the question is of public importance.

As a predicate to the legal questions involved, the following facts should be stated. October 20, 1926, Josephine Mosley, now deceased, became an inmate of the Davidson County Hospital for paupers and insane persons. She remained there until November 13, 1958, when she was removed to General Hospital in the City of Nashville. She died in November, 1958.

She remained a pauper patient until October, 1957, when by reason of the death of a relative, she came into possession of an estate. Upon her death in November, 1958, she was survived by Jossie H. Jennings and Alberta Stratton as sole heirs at law and next of kin. Jossie H. Jennings qualified as administratrix of said estate and there came into her possession in such capacity the sum of $9,184.45.

December 9, 1958, Davidson County filed a claim against the estate of said Josephine Mosley in the County Court of Davidson County to collect from her estate the reasonable value of the services which Davidson County had rendered her during the entire period she spent in said hospital. The administratrix admits that she owes

for the period from October, 1957, until November 13, 1958, the date of death of said Josephine Mosley. The estimated fair value of such services is $10,008.

The only two questions raised by the exceptions to the claim of Davidson County filed by the administratrix of said estate are:

(1) Was Davidson County entitled to recover the value of the services rendered Josephine Mosley by the county prior to the receipt of the inheritance received by her in October, 1957;

(2) If so, is the claim nevertheless barred by the six-year statute of limitations. T.C.A. sec. 28-309.

The County Judge and the Court of Appeals have answered both of these questions in favor of the county and hence this petition for certiorari by the administratrix.

It is the insistence of the petitioner that the services rendered by the County Hospital during her indigency were purely gratuitous and, therefore, not services for which payment may be collected. In response to this contention the Court of Appeals said and we think correctly so:

"We have most carefully examined this record. No case has been found in Tennessee directly in point. The best authority we can find is *McNairy County v. McCoin*, 101 Tenn. 74, 45 S.W. 1070, 41 L.R.A. 862. Ellen McCoin entered an insane hospital in McNairy County as a charity patient. McNairy County later learned that Ellen McCoin had an inheritance of substantial value in the hands of her regular guardian in Hardeman County. Upon suit, McNairy County was award-

ed a judgment against the patient and her estate for the value of the services which the County had rendered the patient before the County learned of the assets in the hands of the guardian of Ellen McCoin which belonged to Ellen McCoin.

"We do not think the services rendered by Davidson County to Josephine Mosley were absolutely gratuitous. Those services were ordered by law. The patient at all times owed for the services. The free use of the hospital was a provision of the law if a patient had no money with which to pay for the necessaries which she received in the hospital."

That it is a duty imposed by law is verified by reference to T.C.A. sec. 14-801 et seq. and T.C.A. sec. 53-304.

Sec. 14-801 provides:

*"Provision by county court.*—There shall be provided, at the expense of every county, an asylum for the poor thereof, consisting of a parcel of land of such size, and of buildings thereon of such dimensions and construction, as the county court may consider necessary and proper, a majority of the justices being present. (Code 1858, Sec. 1594 (Deriv.Acts 1826, Private, ch. 56, Sec. 2); Shan., Sec. 2678; Code 1932, Sec. 4792.)"

Section 53-304 provides for the county physician to provide medical and surgical care to the inmates of such institutions and others.

The exact question has, however, been passed upon in some other states. In *State of Montana v. Byrne,* Mont., 350 P.2d 380, 382, in a case very similar to the case at bar, a recovery was allowed for support and maintenance furnished from 1934 to 1955. The Court said:

"While there are cases from other jurisdictions holding to the contrary, it is our view the State is entitled to reimbursement for expenses incurred for the care, support and maintenance of a patient confined in the state hospital, even though any such patient be committed as an indigent person, and that liability therefor extends *to property acquired subsequently to the time the expenses were incurred.*"

In *In re Boles' Estate,* 316 Pa. 179, 173 A. 664, 665, the Supreme Court of Pennsylvania in a similar case said:

"It is immaterial that the son had no property until the father died, because the son has always been liable whether he had property or not."

In *Herring v. Herring,* 160 N.E.2d 558, the Court of Appeals of Ohio recognized and applied the same rule of law.

For the foregoing reasons, the assignment of error on this point is overruled.

The answer to the second question, i. e., whether or not the statute of limitations applies, depends upon whether or not Davidson County in rendering such services was acting in a governmental capacity for the benefit of the general public. The Court of Appeals cited *Hamblen County v. Cain,* 115 Tenn. 279, 89 S.W. 103; and *Williams v. Town of Morristown,* 32 Tenn.App. 274, 222 S.W.2d 607.

Neither of these cases decides the question.

Petitioner does not cite any authority holding that the operation of such an institution is not a governmental function. Petitioner relies upon the rule stated in *Wood*

*v. Cannon County,* 25 Tenn.App. 600, 603, 166 S.W.2d 399, 401, to-wit:

"The satute of limitations does not run against the sovereign or the state, or against a county, when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the state. *Central Hospital for Insane v. Adams,* 134 Tenn. 429, 183 S.W. 1032, L.R.A.1916E, 94; *Nelson v. Loudon County,* 176 Tenn. 632, 144 S.W.2d 791. But the statute does run against a county or municipality in respect of its claims or rights which are of a private or corporate nature and in which only its local citizens are interested, as distinguished from a public or governmental matter in which all the people of the state are interested. *Shelby County v. Bickford,* 102 Tenn. 395, 52 S.W. 772; *Hamblen County v. Cain,* 115 Tenn. 279, 89 S.W. 103; *City of Knoxville v. Gervin,* 169 Tenn. 532, 89 S.W.2d 348, 103 A.L.R. 877; *City of Los Angeles v. Los Angeles County,* 9 Cal.2d 624, 72 P.2d 138, 113 A.L.R. 370; Annotation, 113 A.L.R. 376."

The authorities over the country generally, however, are practically unanimous in holding that in providing for the poor the state is exercising a governmental function and in accomplishing its purpose it may impose the duty either upon the state itself or on local governmental units such as counties, towns and municipalities. In 70 C.J.S. 9 Paupers sec. 3, p. 9, it is stated:

"At common law and in the absence of any constitutional mandate with respect thereto the public authorities have no obligation to support or assist paupers, but, since the function of relieving the poor is properly governmental in its character, laws to that end fall

within the police power of the state and are valid, and the state may prescribe the conditions under which relief shall be furnished, the governmental unit charged with the duty of furnishing it, and the governmental unit ultimately liable therefor.''

See also 41 Am.Jur. 690, ''Poor and Poor Laws'', Sec. 13, as well as Secs. 2 and 5.

We necessarily conclude, therefore, that the claim is not barred by the statute of limitations.

The judgment of the Court of Appeals is affirmed.

All concur.