**COUNTY OF JOHNSON, TENNESSEE**

v.

**U.S. GYPSUM COMPANY, et al.**

No. Civ. 2–83–262.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Sept. 26, 1985.

W. Mitchell Cramer, Michael Rowland, Knoxville, Tenn., for plaintiffs.

Darryl G. Lowe, Lowe & Shirley, Knoxville, Tenn., for U.S. Gypsum Co.

Donelson M. Leake, Ms. Erma G. Greenwood, John T. Buckingham, Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, Tenn., for Nat. Gypsum Co.

MEMORANDUM and ORDER

HULL, Chief Judge.

Several motions are currently pending in this products liability action.

Defendants U.S. Gypsum Company and National Gypsum Company have moved, pursuant to Rule 56(b), Federal Rules of Civil Procedure, for partial summary judgment in regard to certain of the plaintiff's theories of liability. [Doc. 124]. More specifically, they claim that, as a matter of law, the plaintiff cannot prevail on any claim of public misrepresentation, negligent misrepresentation or fraud because plaintiff will be unable to prove the requisite element of justifiable reliance. In support of this motion, they offer the affidavit of architect Walter Robbinson, who was responsible for the design of and the general specifications for the construction of Johnson County High School. Mr. Robinson's affidavit indicates that he required the contractor to use either U.S. Gypsum's Audicote or National Gypsum's Sprayolite as acoustical plaster for ceilings in portions of the school; that he had recommended these products to his clients for several years; that he was knowledgeable about the products and relied upon his past experience with them rather than any sales literature prepared by the defendants or any oral or written statements of sales persons.

██ Plaintiff has countered this motion with another affidavit from Mr. Robinson which raises a factual issue on the question of reliance. Accordingly, the defendants' motion for partial summary judgment is DENIED at this time.

Plaintiff has moved to shorten the time for Dr. Morton Corn, one of the defend-

ants' experts, to produce the results of certain tests. [Doc. 127]. This motion is DENIED as moot.

The plaintiff has also moved that this court reconsider its ruling of January 9, 1984, insofar as it granted summary judgment on plaintiff's theory of liability based on breach of warranty. [Doc. 128]. In the order of January 9, 1984, the Court adopted the reasoning of the United States Magistrate concerning whether or not the statute of limitations can be said to have run against plaintiff Johnson County on the breach of warranty claim. The leading case controlling this issue is *Jennings v. Davidson County*, 208 Tenn. 134, 344 S.W.2d 359 (1961), which provides the following test:

> The statute of limitations does not run against the sovereign or the state, or against a county, when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the state.... But the statute does run against a county or municipality in respect of its claims or rights which are of a private or corporate nature and in which only its local citizens are interested, as distinguished from a public or governmental matter in which all the people of the state are interested.

Obviously, the issue for this Court to decide is whether Johnson County's claim is purely local in nature or whether it involves the county acting in a governmental matter of interest to the state in general. In reaching his recommendation that Johnson County's claim was purely local in nature, the Magistrate relied upon several older cases which do not accurately reflect the modern economics of school administration. The Court is convinced that its prior ruling was in error and that the statute of limitations cannot be said to have run against the plaintiff in regard to its breach of warranty claim. The state of Tennessee has accepted the responsibility for public education, *see* article 11, § 12, of the Constitution of the State of Tennessee, and has delegated the administration of its public schools to its various counties. *See* Tenn.

Code Ann. § 49–1–101, et seq. It provides the counties with a considerable portion of their operating funds and regulates many aspects of education including school construction, curriculum, teacher certification, etc. For this reason, the operation of a county school cannot be considered a purely private, corporate or local function but rather a public, governmental function performed as an arm of the state.

Accordingly, it is ORDERED that this Court's order of January 9, 1984 [Doc. 128], 580 F.Supp. 284, as it relates to plaintiff's claim for breach of warranty, is hereby SET ASIDE and the plaintiff is allowed to proceed to trial on that theory of liability.

It is further ORDERED that plaintiff's discovery motions [Docs. 130, 131] are DENIED as MOOT.

The defendants are hereby ORDERED to permit counsel for the plaintiff to see and hear the video tape made of Dr. Corn's experiment.

As the case now stands, it will proceed to trial on the theories of strict liability in tort, negligence, breach of warranty, and misrepresentation/fraud, subject to all relevant defenses.

It is further ORDERED that this action is hereby CONTINUED until February 10, 1986.