IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 5, 2004 Session

## IN THE MATTER OF THE ESTATE OF
## LIZZIE TOMLIN DAUGHRITY, DECEASED

**Direct Appeal from the Chancery Court for Marshall County**
**No. 12506    J. B. Cox, Chancellor**

**No. M2003-02244-COA-R3-CV - Filed November 16, 2004**

This case involves a claim filed by the Tennessee Bureau of TennCare against the estate of an elderly decedent to recover certain benefits paid to the decedent to cover nursing home expenses during her lifetime.  The executor filed an exception to the claim arguing that it was filed outside the four (4) month limitations period found in sections 30-2-306(c) and 30-2-307(a) of the Tennessee Code.  The chancery court issued an order barring the bureau's claim on the grounds that is was untimely filed. For the reasons stated herein, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and
Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General & Reporter, Sue A. Sheldon, Senior Counsel, Nashville, TN, for Appellant, Bureau of TennCare

Cecilia West Spivy, Lewisburg, TN, for Appellee, The Estate of Lizzie Tomlin Daughrity

**OPINION**

**Factual Background and Procedural History**

On December 30, 1998, Lizzie Tomlin Daughrity ("Decedent") enrolled in the Tennessee TennCare program administered by the Tennessee Bureau of TennCare ("Bureau").   Beginning January 1, 1999, the Bureau began making payments on behalf of Decedent to NHC Healthcare-Lewisburg, a nursing home facility.  Decedent died on July 30, 2002, at the age of 89 with accumulated benefits paid on her behalf to the nursing facility up to that point in the amount of $97,870.91.

On September 10, 2002, Decedent's son, Charles Richard Daughrity ("Executor"), filed a Petition to Probate Will in the Chancery Court of Marshall County, Tennessee. On September 11, 2002, the chancellor entered an order admitting Decedent's will to probate and appointing Executor to oversee the administration of the estate. On March 25, 2003, the Bureau filed a claim against Decedent's estate, pursuant to section 71-5-116 of the Tennessee Code and applicable federal Medicaid statutes, seeking reimbursement of the benefits correctly paid to the nursing facility on Decedent's behalf. On April 25, 2003, Executor filed an exception to the Bureau's claim alleging that the claim was not filed within the four (4) month period allowed for the filing of claims under section 30-2-306(c) of the Tennessee Code. Executor also asserted that the Bureau received actual notice to file a claim on September 16, 2002.

The chancellor conducted a hearing on July 2, 2003, to address the Bureau's claim. On the day of the hearing, the Executor filed a copy of the Actual Notice to Creditors along with an attached certificate of service, as well as a copy of the published Notice to Creditors. The Actual Notice to Creditors indicated that it had been mailed to the Bureau on September 14, 2002, and the certificate of service showed that it was accepted by an employee of the Bureau on September 16, 2002. The published Notice to Creditors indicated that it was issued on September 17, 2002. The bookkeeper for *The Lewisburg Tribune Marshall Gazette* provided a Publisher's Affidavit[1] which showed that the Notice to Creditors was published in their newspaper on September 17 and 24, 2002.

The chancellor issued an order on August 13, 2003, which contained the following findings of fact and conclusions of law:

> This matter came to be heard on the 2nd day of July, 2003 before the Honorable J.B. Cox upon the Exception to Claim filed by the Executor of the Estate of Lizzie Tomlin Daughrity, statements of counsel and the record as a whole. From which the Court finds that Actual Notice to the State of Tennessee, Bureau of TennCare was received by the State of Tennessee, Bureau of TennCare on the 16th day of September, 2002 and the State of Tennessee, Bureau of TennCare filed it's [sic] Claim on March 27th, 2003. The State's assertion of sovereignty is limited by its own action. The State's action to be bound by the one (1) year barr [sic] to claims should by the same choice impose the conditions of T.C.A. § 30-2-310 upon the State. For these reasons the Court finds that the claim of the State of Tennessee, Bureau of TennCare is barred by T.C.A. § 30-2-310.

---

[1] Section 30-2-306(d) of the Tennessee Code provides:
> An affidavit of the publisher of the newspaper, in case of such publication, showing the dates on which the notice was published, or of the personal representative, in case of posted notices, showing the date on which the notice was first posted, shall be prima facie evidence of the publication required by this section. The affidavit shall be filed with the clerk and be noted by the clerk on the docket of the cause.

Tenn. Code Ann. § 30-2-306(d) (2003).

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the State of Tennessee, Bureau of TennCare is enjoined from denying a release as required by law and shall issue a release to this Estate.

The Bureau filed a timely notice of appeal to this Court pursuant to section 30-2-315(b) of the Tennessee Code,[2] presenting the following issues for our review:

I.  Whether the trial court erred in imposing the statutory four (4) month limitations period found in sections 30-2-306(c) and 30-2-307(a) of the Tennessee Code upon the Bureau's claim; and

II. Alternatively, if the four (4) month limitations period does apply to the Bureau's claim, whether this case should be remanded to the trial court with instructions to clarify whether the Bureau received actual notice according to the governing law given the facial irregularity of the notices supplied to creditors.

For the reasons set forth herein, we reverse the ruling of the trial court and remand for further proceedings consistent with this opinion.

**Standard of Review**

In reviewing the judgment of the chancery court, we are bound by the following standard of review:

> This case was tried in the probate court without a jury. Accordingly, the standard of review is *de novo* upon the record with a presumption of correctness as to the findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 644–45 (Tenn. 2000). To the extent that the determination of the issues rests on statutory construction, they present questions of law. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn.1998). Questions of law are reviewed *de novo* with no presumption of correctness. *Id.*

*Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

---

[2] Section 30-2-315(b), governing the appeal of a probate court's ruling on a disputed claim, provides:
> (b) A judgment upon the findings of the court shall be entered in the court and from the same an appeal may be perfected within thirty (30) days from the date of entry of the judgment, to the court of appeals or the supreme court, as the case may be. The procedure on appeal shall be governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 30-2-315(b) (2003).

**Bureau's Ability to File a Claim Against Decedent's Estate**

In order to properly analyze the applicability of the four (4) month limitations period found in Title 30 of the Tennessee Code, it is necessary to discuss the process by which the Bureau is seeking recovery of benefits paid to Decedent. The Bureau is required by both state and federal law to seek recovery of benefits paid to Decedent under the facts presented in this case.

> The Medicaid program was created in 1965, when Congress added Title XIX to the Social Security Act, 79 Stat. 343, as amended, 42 U.S.C. § 1396 *et seq.* (1976 ed. and Supp. II), for the purpose of providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons. Although participation in the Medicaid program is entirely optional, once a State elects to participate, it must comply with the requirements of Title XIX.

*Harris v. McRae*, 448 U.S. 297, 301 (1980). A state wishing to participate in the federal Medicaid program must establish a state plan for medical assistance which "provide[s] for the establishment or designation of a single State agency to administer or to supervise the administration of the plan." 42 U.S.C. § 1396a(a)(5) (2003).

Tennessee chose to participate in the federal Medicaid program when the legislature promulgated the Tennessee Medical Assistance Act of 1968. Tenn. Code Ann. § 71-5-101 (2003). Accordingly, Tennessee is required to comply with 42 U.S.C. § 1396a which mandates that participating states must "comply with the provisions of section 1917 [42 USCS § 1396p] with respect to liens, adjustments, and recoveries of medical assistance correctly paid, transfers of assets, and treatment of certain trusts." 42 U.S.C. § 1396a(a)(18) (2003). Section 1396p provides, in relevant part, as follows:

> **Liens, adjustments and recoveries, and transfer of assets**.
>
> . . . .
>
> (b) Adjustment or recovery of medical assistance correctly paid under a State plan.
> (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:
>
> . . . .

(B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for medical assistance consisting of —

(i) nursing facility services, home and community-based services, and related hospital and prescription drug services, or

(ii) at the option of the State, any items or services under the State plan.

. . . .

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, and only at a time —

(A) when he has no surviving child who is under age 21, or (with respect to States eligible to participate in the State program established under title XVI [42 USCS §§ 1381 *et seq.*]) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1614 [42 USCS § 1382c]; and

. . . .

(3) The State agency shall establish procedures (in accordance with standards specified by the Secretary) under which the agency shall waive the application of this subsection (other than paragraph (1)(C)) if such application would work an undue hardship as determined on the basis of criteria established by the Secretary.

42 U.S.C. § 1396p (2003). Congress amended the Medicaid Act in 1993 to require, not just permit, states to seek recovery of medical costs from the estates of certain deceased beneficiaries to combat rising costs and perceived abuses. *State v. U.S. Dep't of Health & Human Servs.*, 289 F.3d 281, 284 (4th Cir. 2002).

Section 71-5-116 of the Tennessee Medical Assistance Act governs the recovery of "correctly-paid" TennCare benefits from the estates of deceased TennCare recipients.[3] The Bureau files claims for recovery of these benefits against estates pursuant to section 71-5-116(c), which provides:

---

[3] Recovery of "incorrectly-paid" benefits is governed by a separate statute which is not at issue in this case. Tenn. Code Ann. § 71-5-117 (2003).

(c) There shall be no adjustment or recovery of any payment for medical assistance correctly paid on behalf of any individual under this part, except in the case of an individual who was fifty-five (55) years of age or older when such individual received such medical assistance or services, from such individual's estate, and then only after the death of such individual's surviving spouse, if any, and only at a time when such individual has no surviving child who is under eighteen (18) years of age or who is blind or permanently and totally disabled.

(1) To facilitate and enhance compliance with this subsection (c), the department of health shall promptly notify the bureau of TennCare, in a format to be specified by the bureau, of the death of any individual fifty-five (55) years of age or older. Such notification shall include the decedent's name, date of birth, and social security number. It is the legislative intent of this subsection (c) that the bureau of TennCare strive vigorously to recoup any TennCare funds expended for a decedent after the date of death.

(2) Before any probate estate may be closed pursuant to title 30, with respect to a decedent who, at the time of death, was enrolled in the TennCare program, the personal representative of the estate shall file with the clerk of the court exercising probate jurisdiction a release from the bureau of TennCare evidencing payment of all medical assistance benefits, premiums, or other such costs due from the estate under law, unless waived by the bureau.

Tenn. Code Ann. § 71-5-116 (2003).

### Statute of Limitations Applicable to Bureau's Claim

The Bureau correctly points out that there are two limitations periods which apply to creditor's claims under Tennessee's probate law. *See In re Estate of Jenkins v. Guyton*, 912 S.W.2d 134, 135 (Tenn. 1995). First, section 30-2-210(b) provides as follows:

**Limitations on time of filing claims**.

. . . .

(b) Notwithstanding the provisions of subsection (a), all claims and demands not filed *by the State of Tennessee* with the probate court clerk, as required by the provisions of §§ 30-2-306 – 30-2-309, or, if later, *in which suit shall not have been brought or revived before the end of twelve (12) months from the date of death of the decedent, shall be forever barred*. This statute of limitations shall not apply to

> claims for state taxes. Such claims shall continue to be governed by Tennessee Code Annotated, Section 67-1-1501.

Tenn. Code Ann. § 30-2-310(b) (2003) (emphasis added). Decedent died on July 30, 2002, and the Bureau filed its claim with the probate court on March 27, 2003. The Bureau's claim, therefore, was filed well within the twelve (12) month limitations period.

Second, sections 30-2-306 and 30-2-307, which are at issue in this case, combine to establish a four (4) month limitations period applicable to creditor's claims. *See In re Estate of Jenkins*, 912 S.W.2d at 135–36. Section 30-2-306 provides, in relevant part, as follows:

> **Notice to creditors of qualification of personal representative**.
>
> . . . .
>
> (c) The notice shall be substantially in the following form:
> NOTICE TO CREDITORS
> Estate of _____(name of deceased)
> Notice is hereby given that on the _____ day of
> _____, 20____ letters testamentary (or of administration as
> the case may be) in respect of the estate of
> _____ (name of deceased) were issued to the
> undersigned by the _____ Court of _____
> County, Tennessee. *All persons, resident and nonresident, having claims, matured and unmatured, against the estate are required to file the same with the clerk of the above named court within four (4) months from the date of the first publication (or of the posting, as the case may be) of this notice, otherwise their claims will be forever barred.*

Tenn. Code Ann. § 30-2-306 (2003) (emphasis added). Section 30-2-307 provides, in relevant part, as follows:

> **Claims against estate — filing**.
>
> (a)(1) All claims against the estate arising from a debt of the decedent shall be barred unless filed within the period prescribed in the notice published or posted in accordance with § 30-2-306(c).

Tenn. Code Ann. § 30-2-307(a)(1) (2003). The Bureau concedes that it did not file its claim within four months of September 17, 2002, the date of the first publication of the Notice to Creditors in the local newspaper.

-7-

The Bureau argues, however, that the statutes establishing a four (4) month limitations period for filing claims against the estate do not apply to a state agency acting in a sovereign governmental capacity. The Bureau asserts that recovery of TennCare benefits in this instance is a governmental function, and when the state is acting in such a capacity it is not barred by any statutes of limitations unless the legislature expressly provides that a particular limitations period applies to actions brought by the state. We agree.

The courts of this state have consistently held that, when the State of Tennessee, acting through its various departments, files a claim in a governmental capacity, statutes of limitations do not bar the state's claim absent an express legislative directive to the contrary.

> The common law doctrine of *nullum tempus occurit regi*, which is literally translated as "time does not run against the king," prevents an action brought by the State from being dismissed due to the expiration of the statutory period of limitations normally applicable to the specific type of action. This doctrine has been justified on the ground "that the public should not suffer because of the negligence of its officers and agents . . ." *State ex rel. Board of University & School Lands v. Andrus*, 671 F.2d 271, 274 (8th Cir. 1982). . . . This doctrine is not to be lightly regarded, as we have repeatedly stated that statutes of limitations are looked upon with disfavor in actions brought by the State, and will not be enforced in the absence of clear and explicit statutory authority to do so. *Dunn v. W.F. Jameson & Sons, Inc.*, 569 S.W.2d 799, 802 (Tenn. 1978); *Anderson v. Security Mills*, 175 Tenn. 197, 133 S.W.2d 478 (1939).

*Hamilton County Bd. of Educ. v. Asbestospray Corp.*, 909 S.W.2d 783, 785 (Tenn. 1995); *see also In re Estate of Darwin*, 503 S.W.2d 511, 513 (Tenn. 1973); *Jennings v. Davidson County*, 344 S.W.2d 359, 361 (Tenn. 1961); *Dossett v. Obion County*, 221 S.W.2d 705, 709 (Tenn. 1949); *Commerce Union Bank v. Gillespie*, 156 S.W.2d 425, 431 (Tenn. 1940)*; Nelson v. Loudon County*, 144 S.W.2d 791, 792 (Tenn. 1940); *In re Estate of Lacey*, No. W2002-01230-COA-R3-CV, 2003 Tenn. App. LEXIS 505, at *17–19 (Tenn. Ct. App. July 17, 2003); *Milhous v. Metro. Gov't of Nashville*, No. M1997-00226-COA-R3-CV, 2000 Tenn. App. LEXIS 589, at *6 n.4 (Tenn. Ct. App. Aug. 31, 2000); *Knox County v. Perceptics Corp.*, No. 03A01-9803-CH-00089, 1998 Tenn. App. LEXIS 656, at *9–10 (Tenn. Ct. App. Sept. 30, 1998); *Wood v. Cannon County*, 166 S.W.2d 399, 401 (Tenn. Ct. App. 1942).

Executor asserts that, in seeking a recovery of benefits from Decedent's estate, the Bureau is acting in a proprietary, not a governmental, function. Accordingly, Executor argues that the Bureau is required to file a claim for correctly paid benefits within the four (4) month period set forth in sections 30-2-306(c) and 30-2-307(a).

The statute of limitations does not run against the sovereign or the state, or against a county, when seeking to enforce a demand arising out of, or dependent upon, the exercise of its governmental functions as an arm of the state. But the statute does run against a county or municipality in respect of its claims or rights which are of a private or corporate nature and in which only its local citizens are interested, as distinguished from a public or governmental matter in which all the people of the state are interested.

*Wood*, 166 S.W.2d at 401 (citations omitted). Executor contends that the Bureau is operating the TennCare program as a state run insurance company accepting premiums and providing coverage to not only those in financial need, but also to those who cannot obtain private insurance coverage for whatever reasons.

The legislature set forth the purpose behind the Tennessee Medical Assistance Act, in relevant part, as follows:

(a) The purpose of this part is to make possible medical assistance to those recipients determined to be eligible under this chapter to receive medical assistance that conforms to requirements of Title XIX of the Social Security Act and the regulations promulgated pursuant to Title XIX.
(b) (1) Except as may be required by federal law or regulation, it is hereby declared to be the public policy of the state of Tennessee that participation in the TennCare program, or its successor programs, is not an entitlement and is conditional upon, among other things, specific appropriations for the program.

Tenn. Code Ann. § 71-5-102 (2003). As an extension of the Medicaid program, TennCare is designed to meet the policy goal of Medicaid; providing medical treatment to those in need. *See Harris v. McRae*, 448 U.S. 297, 301 (1980). "The authorities over the country generally, however, are practically unanimous in holding that in providing for the poor the state is exercising a governmental function. . . ." *Jennings v. Davidson County*, 344 S.W.2d 359, 362 (Tenn. 1961). Therefore, we find that the Bureau was carrying out a governmental function when it filed a claim against Decedent's estate seeking to recover benefits paid on Decedent's behalf.

Having determined that the filing of a claim for the recovery of benefits pursuant to section 71-5-116(c) of the Tennessee Code constitutes a governmental function, we now examine whether the four (4) month limitation period set forth in sections 30-2-306(c) and 32-3-307(a) of the Tennessee Code applies to that claim. Upon carefully reading these statutes, it is clear that the legislature did not expressly mention their applicability to claims filed by the State of Tennessee.

The supreme court addressed a similar issue as the one before this Court in *State Department of Public Welfare v. O'Brien*, 292 S.W.2d 733 (Tenn. 1956). In *O'Brien*, the department filed a claim against the estate of a deceased elderly female seeking to recover benefits paid under the Old Age Assistance Law, the precursor to the Medical Assistance Act. *Id.* at 733. The department filed its claim more than nine months after the notice to creditor's was given, well beyond the limitation period in the statute existing at the time. *Id.* at 733–34. Finding that the statute of limitations for filing claims did not apply to the state in that instance, the court stated:

> *Commerce Union Bank v. Gillespie*, *supra*, held that the claim of the sovereign state for taxes and assessments was exempt from that provision of the statute barring claims against the estate of decedent which are not filed within the time limited by that statute, (nine months now) Section 30-513, T.C.A. One of the reasons given by the Court was that this exemption of the sovereign existed because of "the general rule that the sovereign is not within the limitation [of a statute of limitation], unless expressly so provided." This is the common law rule.
>
> *State v. Smith*, 194 Tenn. 582, 585–587, 253 S.W. 2d 758, 760, held that the claim of the State for moneys paid under the Old Age Assistance Law, as it then existed, was a claim owed to the State in its sovereign capacity, and that there was nothing in the Old Age Assistance Law "which evinces any intention of the Legislature to divest the State of any of its prerogatives, rights or remedies."
>
> One of such rights is to have its claims exempt from statutes of limitations, except when it is expressly embraced within the limitations provided by the statute. Hence, under the aforestated ruling in *State v. Smith*, the claim of the sovereign against the decedent's estate for moneys furnished such decedent under the Old Age Assistance Law is not barred by that provision of the administration of estates statute barring claims which were not filed within the time therein specified. Section 30-513, T.C.A.
>
> Further, this Court is unable to find any distinction in quality between the claim owed the State for payments in its sovereign capacity from its taxes to aid indigent persons, and the claim of the State for taxes and assessments owed it. If, therefore, the provision in the administration of estate statute barring claims which have not been filed within the time provided by the statute does not apply to the claim of the sovereign for taxes owed it because of the rule stated in *Commerce Union Bank v. Gillespie*, *surpa*, then for the same reason, that statute does not bar the claim of the sovereign against the estate of the decedent for payments made such decedent under and by virtue of the Old Age Assistance Law.

*Id.* at 734; *see also In re Estate of Darwin*, 503 S.W.2d 511, 513 (Tenn. 1973).

Executor directs our attention to the language in section 71-5-117 of the Tennessee Code, governing recovery of incorrectly paid benefits, which provides that "[a]ny benefits incorrectly paid shall be recoverable from the recipient, while living, as a debt due to the state and, upon the recipient's death, as a claim classified with taxes having preference under the laws of this state." Tenn. Code Ann. § 71-5-117(a) (2003). Executor notes that section 71-5-116 of the Tennessee Code, governing recovery of correctly paid benefits, does not classify these benefits in the same manner. Executor, however, has overlooked the fact that section 71-5-116, the statute both parties agree is at issue in this case, provides as follows:

> *Before any probate estate may be closed pursuant to title 30*, with respect to a decedent who, at the time of death, was enrolled in the TennCare program, the personal representative of the estate shall file with the clerk of the court exercising probate jurisdiction a release from the bureau of TennCare evidencing payment of all medical assistance benefits, premiums, or other such costs due from the estate under law, unless waived by the bureau.

Tenn. Code Ann. § 71-5-116(c)(2) (2003) (emphasis added). In addition, the legislative amendment to section 30-2-310 expressly provides that "[t]his statute of limitations shall not apply to claims for state taxes." Tenn. Code Ann. § 30-2-310(b) (2003). Similar language is conspicuously absent from sections 30-2-306 and 30-2-307 of the Tennessee Code. Therefore, we find Executor's argument in this regard to be without merit.

After reviewing the record and the applicable law, we find that the four (4) month limitations period found in sections 30-2-306(c) and 30-2-307(a) of the Tennessee Code is inapplicable to the claim filed by the Bureau against Decedent's estate. Accordingly, we reverse the chancery court's ruling[4] in this regard and remand with the instruction that the chancellor accept the Bureau's claim

---

[4] The chancellor's order relied on section 30-2-310 to find that the Bureau's claim was time barred. The chancellor was apparently relying on the language in subsection (b), where the legislature expressly made the twelve (12) month limitations period applicable to the state, to justify finding that the four month limitations period found in sections 30-2-306(c) and 30-2-307(a) applied to the state as well. See 2000 Tenn. Pub. Acts ch. 970, §1. We find the chancellor's reasoning in this regard to be misguided. "The cardinal rule of statutory construction is to effectuate the legislative intent, with all the rules of construction being aides to that end." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998) (citing *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995)). When examining a statute to glean legislative intent, we "are restricted to the natural and ordinary meaning of the language used by the legislature in the statute." *Id.* (citing *Austin v. Memphis Publ'g Co.*, 655 S.W.2d 146, 148 (Tenn. 1983)). We also presume that the Tennessee General Assembly was aware of the existing state of the law when it promulgated the 2000 Amendment. *See Winter v. Smith*, 914 S.W.2d 527, 538 (Tenn. Ct. App. 1995) (citing *Wilson v. Johnson County*, 879 S.W.2d 807, 810 (Tenn. 1994)). Our reading of Tennessee Code section 30-2-310, in conjunction with sections 30-2-306 and 30-2-307, reveals that the legislature chose to make only the twelve (12) month limitations period applicable to claims filed by the state while withholding application of the four (4) month limitations period to such claims.

as timely filed.  Since we have determined that the Bureau's claim is not subject to the four month limitations period, it is unnecessary for us to address the Bureau's alternative issue.

**Conclusion**

For the foregoing reasons, we reverse the chancery court's ruling and remand this case to the chancery court with the instruction to admit the Appellant's claim as timely filed.  Costs of this appeal are taxed against the Appellee, the estate of Lizzie Tomlin Daughrity, for which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, JUDGE