IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2005 Session

## AUTO CREDIT OF NASHVILLE v. MELISSA WIMMER

**Appeal from the Circuit Court for Sumner County**
**No. 23298-C      C. L. Rogers, Judge**

**No. M2005-00978-COA-R3-CV - Filed on August 31, 2006**

FRANK G. CLEMENT, JR., J., dissenting.

I respectfully dissent from the majority's conclusion that Auto Credit failed to give Ms. Wimmer reasonable notice of the scheduled sale of the collateral.

The Uniform Commercial Code provides that a person "notifies" or "gives" a notice or notification to another "by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it." Tenn. Code Ann. § 47-1-201 (26).

Auto Credit placed the notice in the U. S. Mail with sufficient postage properly addressed to the current home address of Ms. Wimmer. The notice was placed in the U.S. Mail twenty days prior to the scheduled sale of the collateral. The UCC deems ten days a reasonable time for notification. Tenn. Code Ann. § 47-9-612(b). When the sale occurred, Auto Credit was unaware Ms. Wimmer had not received the notice.

The fact Auto Credit was unaware when the sale occurred that Ms. Wimmer had not received the notice is significant because it distinguishes this case from *Mallicoat v. Volunteer Finance & Loan Corp.,* 415 S.W.2d 347 (Tenn. Ct. App. 1966), cited by the majority. In *Mallicoat*, the creditor knew prior to the sale that the debtor had not received notice. The *Mallicoat* court found that significant. "[Volunteer Finance] not only failed to show a compliance with the Act but . . . the record affirmatively shows a lack of compliance and a conscious disregard of the debtor's right to notice." *Mallicoat*, 415 S.W.2d at 350.

As the majority notes, proof of actual notice to or receipt by the debtor is not required, *R & J of Tennessee, Inc. v. Blankenship-Melton Real Estate, Inc*., 166 S.W.3d 185, 205 (Tenn. Ct. App. 2004), and the creditor is not "forced to take responsibility for lost mail or the debtor's refusal to accept properly delivered mail." *Id*. Although it would be an entirely different scenario if Auto

Credit had learned prior to the sale that Ms. Wimmer had not received notice, as was the case in *Mallicoat*, that isn't the case here.

In my view, Auto Credit acted in good faith pursuant to Tenn. Code Ann. § 47-1-203, in a commercially reasonable manner pursuant to Tenn. Code Ann. § 47-9-607 and -610, and the steps it took constituted reasonable notification pursuant to Tenn. Code Ann. § 47-9-612(b) and Tenn. Code Ann. § 47-47-1-201 (26).

For the foregoing reasons I would affirm the trial court.

_____
FRANK G. CLEMENT, JR., JUDGE