IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

# GEORGIA CROSS, ET AL.  v.  CITY OF MEMPHIS

**Appeal from the Circuit Court for Shelby County**
**No. 72984-6 T.D.     George H. Brown, Jr., Judge**

---

**No. W 1998-00091-SC-R11-CV  — Decided June 20, 2000**

---

This is an appeal from the Circuit Court for Shelby County which, following a bench trial, allocated 100% fault to the City of Memphis for an accident in which Georgia Cross was injured. On appeal, the Court of Appeals applied a "clearly erroneous" standard of review and affirmed the judgment of the trial court. We granted the City's application for permission to appeal. We hold that, when reviewing a trial court's findings of fact, an appellate court must apply the de novo standard of review contained in Tennessee Rule of Appellate Procedure 13(d). To the extent that it permits an appellate court to apply a clearly erroneous standard of review, Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998), is clarified. In addition, the clearly erroneous language of Wright v. City of Knoxville, 898 S.W.2d 177 (Tenn. 1995), is limited to jury cases. Having reviewed the record and applying the relevant standard of review, we also hold that the trial court and the Court of Appeals erred in allocating 100% fault to the City of Memphis. We conclude that Georgia Cross should be allocated 20% fault for the accident in this case, that the City of Memphis should be allocated 80% fault, and that the claims of both Georgia and Norman Cross should be reduced to reflect the appropriate allocation of fault. Accordingly, we reverse the judgments of the trial court and the Court of Appeals and remand to the trial court for further proceedings.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals is Reversed and Remanded**

BARKER, J., delivered the opinion of the court, in which ANDERSON, C.J., and BIRCH and HOLDER, JJ., joined. DROWOTA, J., not participating.

Michael F. Rafferty, Jonathan E. Scharff, and Brett A. Hughes, Memphis, Tennessee, for the appellant, City of Memphis.

Cannon F. Allen, Brian S. Faughnan, and Mark S. Norris, Memphis, Tennessee, for the appellees, Georgia Cross, et al.

**OPINION**

The City of Memphis has owned and maintained the Poplar–White Station branch of the Memphis and Shelby County Public Library since the branch opened. A ramp, which was installed at the library in 1981, runs from the entrance in a slight downward slope to the street running in front of the library. The City had curb cuts on either side of the base of the ramp, and each curb cut was

painted yellow. However, the degree of slope of the curb cuts did not comply with the City's construction code. On November 24, 1994, the City installed a handrail on the right side of the ramp facing the building.

Four days later, on November 28, 1994, Georgia Cross visited the library. Cross, who had been taking her children to this library for four years, parked her vehicle beside the yellow painted portion of the curb cut. Cross was carrying one of her four children on her right hip when she noticed the handrail on the right. Cross testified that she assumed the handrail was installed to prevent people from walking to the entrance of the library across a grassy area located to the right of the handrail, and she did not use the handrail. Cross proceeded directly to the walk ramp which she had walked up a number of times previously. Cross testified that as she started walking on the ramp, she was looking at two of her children who had run ahead of her. As Cross stepped on to the yellow curb cut with her right foot, the foot slid and her ankle gave and broke in three places. Cross was hospitalized for one week after the accident, was bedridden for several more months, and continues to suffer from traumatic arthritis.

Following the accident, Cross filed suit for damages against the City pursuant to the Tennessee Governmental Tort Liability Act. Norman Cross, Georgia Cross's husband, also sought damages for loss of consortium and loss of future consortium. After the accident but before the trial, Norman Cross was diagnosed with amyotrophic lateral sclerosis, which carries a life expectancy of between two and three years from diagnosis.

At the conclusion of a bench trial, the court found that the City was negligent in creating the conditions that caused Cross to slip and fall, and it allocated 100% fault to the City and 0% fault to Georgia Cross. The court awarded $130,000.00 to Georgia Cross for her claim and $39,500.00 to Norman Cross for loss of consortium. The court also found that, as a result of her injury, Georgia Cross will be unable to care for her husband, and it awarded $78,800.00 to Norman Cross for future loss of consortium.

The City appealed arguing that Cross failed to use reasonable care under the circumstances, was at fault for more than 51% of the accident, and was, therefore, barred from recovery. In reviewing the trial court's apportionment of fault, the Court of Appeals applied a clearly erroneous standard with a presumption of correctness. The appellate court concluded that the trial court's apportionment was not clearly erroneous, and it affirmed the trial court's decision. The City then sought and this Court granted permission to appeal on the following issue: whether the Court of Appeals erred in applying a clearly erroneous standard of review in the trial court's allocation of fault, rather than the de novo standard of review provided for in Tennessee Rule of Appellate Procedure 13(d).

## DISCUSSION

Tennessee Rule of Appellate Procedure 13(d) provides:

Unless otherwise required by statute, review of findings of fact by the trial court in

civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.

In Wright v. City of Knoxville, 898 S.W.2d 177 (Tenn. 1995), this Court examined a trial court's allocation of fault in a bench trial. With regard to this issue, the Court stated:

Although it is true that the trier of fact has considerable latitude in allocating percentages of fault to negligent parties, see, e.g., Martin v. Bussart, 292 Minn. 29, 193 N.W.2d 134 (1971), appellate courts may alter those findings if they are clearly erroneous. *Because this case was tried without a jury, our review of the issues of fact is de novo on the record of the trial court.* However, we must presume that the trial court's findings were correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d).

Id. at 181 (emphasis added). The Court's analysis in Wright appears to contemplate two different standards of review: clearly erroneous and de novo.

Two years later, the Court of Appeals attempted to resolve this apparently contradictory language. In Varner v. Perryman, 969 S.W.2d 410 (Tenn. Ct. App. 1997), the court distinguished the portion of Wright that suggests a clearly erroneous standard would apply to allocations of fault in a bench trial. The court observed that Wright cited to a jury case, Martin v. Bussart, in discussing the clearly erroneous standard. See id. at 411. In non-jury cases, though, the court concluded that the de novo standard of Rule 13(d) was controlling. See id.

While it would appear that Rule 13(d) addresses and answers the issue now before this Court, our opinion in Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998), has created some confusion with regard to the applicable standard of review. In Coln, this Court examined a trial court's allocation of fault. The Court cited Rule 13(d) but also quoted the "clearly erroneous" language from Wright. The Court applied Rule 13(d), however, in affording the trial court's findings a presumption of correctness. See id. at 45.

Accordingly, we clarify Coln to the extent that it appeared to permit an appellate court to apply a clearly erroneous standard of review to a trial court's findings of fact. Moreover, we limit the clearly erroneous language in Wright to jury cases. We hold that the de novo standard of review in Rule 13(d) is the applicable standard of appellate review for findings of fact made by a trial court. Accordingly, we reverse the Court of Appeals with regard to the standard of review that is applied to a trial court's findings of fact.

In the interest of judicial economy and because the standard of review is de novo, we will also examine whether the trial court erred in allocating 100% fault to the City of Memphis and 0% fault to Cross. Our review is de novo upon the record. Tenn. R. App. P. 13(d). We presume the correctness of the trial court's findings of fact which will be set aside only if the preponderance of the evidence is otherwise. See id.

Having reviewed the record using that standard, we conclude that Georgia Cross is responsible for some fault in this case. Cross had visited the library before and had walked up the ramp a number of times after it had been installed in 1981. Thus, she was quite familiar with the area. Cross testified that she saw the handrail when she arrived at the library and that she was aware that the curb cut was painted bright yellow. She did not use the handrail, though, but carried a child on her right hip. Moreover, as she stepped onto the curb cut, she did not look down at the painted portion of the curb but was watching two of her children who had run ahead of her toward the library door.

Under these circumstances, we conclude that Cross should be allocated 20% fault for the accident, and the City should be allocated 80% fault. Thus, the trial court's judgment is modified to reflect the appropriate allocation of fault. Moreover, because Norman Cross's claim for loss of consortium is derivative, his amount of recovery must also be reduced by the percentage of fault allocated to his spouse. Cf. Tuggle v. Allright Parking Sys., Inc., 922 S.W.2d 108-09 (Tenn. 1996).

**CONCLUSION**

We hold that, when reviewing a trial court's findings of fact, an appellate court must apply the de novo standard of review contained in Tennessee Rule of Appellate Procedure 13(d). To the extent that it permits an appellate court to apply a clearly erroneous standard of review, Coln v. City of Savannah, 966 S.W.2d 34 (Tenn. 1998), is clarified. In addition, the clearly erroneous language of Wright v. City of Knoxville, 898 S.W.2d 177 (Tenn. 1995), is limited to jury cases. Accordingly, we reverse the Court of Appeals with regard to the standard of review that is applied to a trial court's findings of fact.

Having reviewed the record and applying the appropriate standard of review, we also hold that the trial court and the Court of Appeals erred in allocating 100% fault to the City of Memphis. We conclude that Georgia Cross should be allocated 20% fault for the accident in this case, that the City of Memphis should be allocated 80% fault, and that the claims of both Georgia and Norman Cross should be reduced to reflect the appropriate allocation of fault. We reverse the judgments of the trial court and the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

Costs of this appeal are taxed to the appellees, Georgia Cross, et al.