# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### SEPTEMBER 21, 2004 Session

## IN RE: ESTATE OF ROY W. BARNETT, DECEASED

**Direct Appeal from the Chancery Court for Haywood County**
**No. P-1489    George R. Ellis, Chancellor**

---

**No. W2003-02530-COA-R3-CV - Filed January 20, 2005**

---

This appeal arises out of a claim filed against Decedent's estate by the Bureau of TennCare. Decedent's estate filed an exception to the claim arguing that such claim was barred because Decedent was not provided with notice of the State of Tennessee's recovery provisions as required by section 71-5-118(*l*) of the Tennessee Code. The trial court found that the Bureau of TennCare's claim was barred on the basis that no written notice of the State's recovery provisions was provided to Decedent or his family members. The Bureau of TennCare brought the instant appeal to this Court, and, for the following reasons, we reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General and Reporter, Sue A. Sheldon, Senior Counsel, Nashville, TN, for Appellant, Bureau of Tenncare

C. Thomas Hooper, Brownsville, TN, for Appellee, Estate of Roy W. Barnett

### OPINION

### Facts and Procedural History

Roy W. Barnett ("Decedent") died on December 19, 2002, at the age of eighty-nine. At the time he died, he was a resident of the Crockett County Nursing Home in Alamo, Tennessee. On July 1, 1992, Decedent enrolled in the TennCare program and began receiving TennCare reimbursements for nursing facility services on December 21, 1993. After Decedent availed himself of the homestead exemption removing his home from consideration of his financial assets, he was medically and financially eligible for TennCare assistance. Because of his income level, which was

in part due to the rent collected from leasing his home, Decedent paid $600 per month for nursing facility services and the State of Tennessee paid approximately $2,400 per month.

After Decedent died on December 19, 2002, his Last Will and Testament was admitted to probate. Subsequently, the State of Tennessee Bureau of TennCare ("Bureau") filed a claim against Decedent's estate to recover the unpaid balance of reimbursements for nursing facility services in the amount of $198,681.83. Decedent's estate filed an exception to the claim, and the trial court held a hearing on the matter on August 28, 2003. In an order dated September 10, 2003, the trial court held that, because the State of Tennessee did not inform decedent or his family members of the State's recovery provisions, the estate's exception to the claim should be granted and the claim by the Bureau should not be allowed. The Bureau filed its notice of appeal and presents the following issue for our review: whether the trial court erred when it disallowed the Bureau's claim against Decedent's estate. For the following reasons, we reverse and remand for further proceedings consistent with this opinion.

**Standard of Review**

In reviewing the decision of the chancery court, we utilize the following standard of review:

> This case was tried in the probate court without a jury. Accordingly, the standard of review is *de novo* upon the record with a presumption of correctness as to the findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 644-45 (Tenn. 2000). To the extent that the determination of the issues rests on statutory construction, they present questions of law. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998). Questions of law are reviewed *de novo* with no presumption of correctness. *Id.*

*Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000); *see also In re Estate of Daughrity*, No. M2003-02244-COA-R3-CV, 2004 Tenn. App. LEXIS 765, at *6 (Tenn. Ct. App. Nov. 16, 2004).

**Application of Tennessee Code Annotated § 71-5-118(*l*)**

The Bureau argues that the trial court erred when it applied section 71-5-118(*l*) of the Tennessee Code and barred the Bureau's claim against Decedent's estate. As an initial matter, we refer to this Court's discussion of the requirements of federal law for state medical assistance programs:

> The Bureau is required by both state and federal law to seek recovery of benefits paid to Decedent under the facts presented in this case.
>
> > The Medicaid program was created in 1965, when Congress added Title XIX to the Social Security Act, 79 Stat. 343, as amended, 42

U.S.C. § 1396 *et seq.* (1976 ed. and Supp. II), for the purpose of providing federal financial assistance to States that choose to reimburse certain costs of medical treatment for needy persons. Although participation in the Medicaid program is entirely optional, once a State elects to participate, it must comply with the requirements of Title XIX.

*Harris v. McRae*, 448 U.S. 297, 301, 65 L. Ed. 2d 784, 100 S. Ct. 2671 (1980). A state wishing to participate in the federal Medicaid program must establish a state plan for medical assistance which "provides for the establishment or designation of a single State agency to administer or to supervise the administration of the plan." 42 U.S.C. § 1396a(a)(5) (2003).

Tennessee chose to participate in the federal Medicaid program when the legislature promulgated the Tennessee Medical Assistance Act of 1968. Tenn. Code Ann. § 71-5-101 (2003). Accordingly, Tennessee is required to comply with 42 U.S.C. § 1396a which mandates that participating states must "comply with the provisions of section 1917 [42 USCS § 1396p] with respect to liens, adjustments, and recoveries of medical assistance correctly paid, transfers of assets, and treatment of certain trusts." 42 U.S.C. § 1396a(a)(18) (2003). Section 1396p provides, in relevant part, as follows:

> **Liens, adjustments and recoveries, and transfer of assets.**
>
> . . . .
>
> (b) Adjustment or recovery of medical assistance correctly paid under a State plan.
>
> (1) No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except that the State shall seek adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan in the case of the following individuals:
>
> . . . .
>
> (B) In the case of an individual who was 55 years of age or older when the individual received such medical assistance, the State shall seek adjustment or recovery from the individual's estate, but only for medical assistance consisting of --
> (i) nursing facility services, home and community-based services, and related hospital and prescription drug services, or

(ii) at the option of the State, any items or services under the State plan.

. . . .

(2) Any adjustment or recovery under paragraph (1) may be made only after the death of the individual's surviving spouse, if any, and only at a time --
(A) when he has no surviving child who is under age 21, or (with respect to States eligible to participate in the State program established under title XVI [42 USCS §§ 1381 *et seq.*]) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1614 [42 USCS § 1382c]; and

. . . .

(3) The State agency shall establish procedures (in accordance with standards specified by the Secretary) under which the agency shall waive the application of this subsection (other than paragraph (1)(C)) if such application would work an undue hardship as determined on the basis of criteria established by the Secretary.

42 U.S.C. § 1396p (2003). Congress amended the Medicaid Act in 1993 to require, not just permit, states to seek recovery of medical costs from the estates of certain deceased beneficiaries to combat rising costs and perceived abuses. *State v. U.S. Dep't of Health & Human Servs.*, 289 F.3d 281, 284 (4th Cir. 2002).

*In re Estate of Daughrity*, No. M2003-02244-COA-R3-CV, 2004 Tenn. App. LEXIS 765, at *6-10 (Tenn. Ct. App. Nov. 16, 2004).

The notice section at issue in this case is located in section 71-5-118(*l*) of the Tennessee Code and requires that "[a]ll applicants for medical assistance under this part, and all applicants for reverification of eligibility to receive such assistance, shall receive a warning, in easily readable language, regarding the state recovery provisions, as well as the administrative, civil and criminal liability provisions of this chapter." Tenn. Code Ann. § 71-5-118(*l*) (2003).

Initially, the Bureau argues that the notice requirement of section 71-5-118(*l*) of the Tennessee Code should not apply in this case to correctly paid benefits since the remainder of that section concerns fraud, abuse, and incorrectly paid benefits. Therefore, the State contends that the notice provision, by virtue of its appearance in section 71-5-118, does not apply to cases of correctly

paid benefits addressed in section 71-5-116 of the Tennessee Code. However, the warning provision states that the notice requirement applies to applicants for medical assistance and applicants for reverification of eligibility to receive medical assistance *under this part*. Tenn. Code Ann. § 71-5-118(*l*) (2003). Therefore, we are not persuaded by the Bureau's argument that the notice provision does not apply because of its appearance in section 71-5-118 rather than section 71-5-116.

The Bureau next argues that the trial court erred because the notice provision of section 71-5-118(*l*) did not come into effect until July 21, 2002. We agree. We are mindful of the rules of statutory construction:

> It is a well-settled principle that this Court's role in construing statutes is "to ascertain and give effect to" the legislative purpose without unduly restricting or expanding a statute's coverage beyond its intended scope. *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn. 2000). "'The legislative intent and purpose are to be ascertained primarily from the natural and ordinary meaning of the statutory language, without a forced or subtle interpretation that would limit or extend the statute's application.'" *Id.* (quoting *State v. Blackstock*, 19 S.W.3d 200, 210 (Tenn. 2000)). Courts are not authorized to alter or amend a statute and must "'presume that a legislature says in a statute what it means and means in a statute what it says there.'" 30 S.W.3d at 307 (quoting *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 803 (Tenn. 2000)).

*Poper v. Rollins*, 90 S.W.3d 682, 684 (Tenn. 2002).

Section 71-5-118(*l*) requires a warning for "[a]ll applicants for medical assistance under this part, and all applicants for reverification of eligibility to receive such assistance." Tenn. Code Ann. § 71-5-118(*l*) (2003). The evidence is undisputed that after July 21, 2002, Decedent was neither an applicant for medical assistance nor an applicant for reverification of eligibility to receive medical assistance. Decedent originally enrolled in the TennCare program in 1992 and began receiving assistance in 1993, prior to the effective date of section 71-5-118(*l*). Further, Decedent's last reverification for eligibility occurred on January 7, 2002, also prior to the effective date of section 71-5-118(*l*). Decedent died on December 19, 2002, prior to his next reverification, which was performed annually. Therefore, the Bureau was not required to issue the written warning mandated by section 71-5-118(*l*), and the decision of the trial court barring the Bureau's claim on this basis was error. The plain language of the statute requires a warning only for applicants who seek medical assistance or applicants who wish to reverify their eligibility for medical assistance. Under the narrow circumstances of this case and the plain language of section 71-5-118(*l*), Decedent was neither one at any time after the statute's effective date and before his death.

## Conclusion

For the reasons stated above, we reverse the decision of the chancery court and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee, the estate of Roy W. Barnett, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE