# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 13, 2010 Session

## FIELDSTONE FARMS HOMEOWNERS ASSOCIATION, ET AL. v. CAVENDER ENTERPRISES, LLC

**Appeal from the Chancery Court for Williamson County**
No. 36821      Timothy L. Easter, Judge

**No. M2010-00233-COA-R3-CV - Filed November 29, 2010**

The trial court found that a parcel designated as a recreational facility in a planned unit development was a "lot" under the terms of the governing declarations such that it could not be subdivided or subjected to a revised use.  Under the original declaration, the recreational parcel was expressly excluded within the definition of lot but the later supplemented declaration omits the exclusion.  Finding that according to its terms the Supplementary Declaration could not conflict with the original declaration, we find the parcel was not included within the definition of lot.  Consequently, it is not subject to the restrictions placed on lots.  As there is no prohibition to subdivision or conversion to residential use in the documents governing the parcel, then the parcel may be subdivided and converted to residential use.  Accordingly, the trial court is reversed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

William L. Harbison, Linda R. Koon, Michael G. Abelow, Lisa K. Helton, Nashville, Tennessee, for the appellant, Leslie P. Davis.

J. Bryan Echols, Nashville, Tennessee, for the appellees, Fieldstone Farms Homeowners Association and Andy Bailey, Harry T. Fisk and John M. Babb.

### OPINION

The parties filed a joint petition for declaratory judgment in October of 2009 to determine their rights and obligations to a certain parcel, Parcel 1640 ("Parcel"), under the

documents governing Fieldstone Farms, a planned unit development in Williamson, County. The Parcel is owned by Cavender Enterprises, LLC ("Cavender")[1] which proposes a use of the Parcel opposed by Fieldstone Farms Homeowners Association and two individual members (collectively referred to as "HOA").

There is no disagreement between the parties as to the facts. The issue on appeal pertains to interpretation of the declaration governing a planned development that includes the Parcel. The Parcel was bought by Cavender in 2000 from the developer of Fieldstone Farms. The Parcel has been operated as a recreational facility since that part of Fieldstone Farms was originally developed. Cavender intends to stop putting the Parcel to recreational use and, instead, subdivide it and develop it as residential lots. Cavender proposes subdividing the Parcel into three lots similar in size to existing residential lots in Fieldstone Farms. As part of Cavender's proposal, the resulting three residential lots would comply with all covenants applicable to residential lots in Fieldstone Farms.

The basic issues presented to the trial court were (1) whether, under the governing documents, Cavender can unilaterally convert the Parcel to residential use and (2) whether Cavender can unilaterally subdivide the Parcel into three (3) lots.

The trial court found in its November 19, 2009 order that the Parcel is subject to the covenants that govern Fieldstone Farms. According to the trial court, the applicable covenants prohibit the unilateral subdivision of the Parcel. Consequently, the Parcel may be only subdivided by amendment to the covenants governing Fieldstone Farms. Finally, the trial court likewise found that Cavender could not unilaterally convert the use of the Parcel from recreational to residential absent amendment of the applicable covenants. Cavender appeals.

### ANALYSIS

The interpretation of a written agreement is a question of law and not of fact. *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn.1999). Regarding factual findings, our review is also de novo upon the record of the trial court, but with a presumption of correctness. Tenn. R. App. P. 13(d); *Cross v. City of Memphis*, 20 S.W.3d 642, 643-45 (Tenn.2000).

---

[1]After this appeal was initiated, Cavender conveyed the Parcel to Leslie Davis on February 17, 2010, who was substituted for Cavender. We will, however, continue to refer to the appellee as "Cavender."

-2-

Although the court will enforce covenants that restrict the use of land, they are not favored "because such covenants are in derogation of the unrestricted enjoyment of the fee." *Arthur v. Lake Tansi Village, Inc.*, 590 S.W.2d 923, 927 (Tenn. 1979); *Massey v. R. W. Graf, Inc.*, 277 S.W.3d 902, 908 (Tenn. Ct. App. 2008). Such restrictive covenants must be strictly construed and not extended by implication, and any ambiguity will be resolved against the restriction. *Williams v. Fox*, 219 S.W.3d 319, 324 (Tenn. 2007); *Arthur*, 590 S.W.2d at 927; *Massey*, 277 S.W.3d at 908. Consequently, we must abide by only express restrictions in any governing document and may not imply any restriction on the owner's use. In other words, we must begin from a position that Cavender may subdivide the Parcel or convert its use, absent an express restriction.

Fieldstone Farms is a planned unit development created by the Declaration of Covenants, Conditions, and Restrictions dated October 27, 1988 ("Original Declaration"). The Parcel was not in this original development. This Original Declaration was amended in 1994, at which time additional property, including the Parcel, was annexed into the Fieldstone Farms development ("1994 Amendment"). Thereafter, a portion of Fieldstone Farms was made subject to a Supplementary Declaration of Covenants, Conditions and Restrictions in August of 1996 ("Supplementary Declaration"). The Supplementary Declaration applies only to Sections Q-4 and Q-6 of Fieldstone Farms. The Parcel is in Section Q-6, so it is subject to both the Supplementary Declaration and the Original Declaration.[2] On appeal, no one disputes the validity or applicability of the Original and Supplementary Declaration to the Parcel.

Cavender argues that the Parcel is a recreational facility and, as such, there are no restrictions in the two declarations that prohibit subdivision or revised use. The HOA, on the other hand, argues that a "Lot," as defined in the two declarations, may not be subdivided or subjected to revised use and that the Parcel comes within the definition of a "lot." The Supplementary Declaration in Section 5 clearly states that a "lot" may not be subdivided. All parties agree that the narrow issue presented to this court on appeal is whether the Parcel is a "lot" as described in the two declarations. If it is a lot, then the governing documents prohibit subdivision or a conversion from recreational to residential.

The 1988 Original Declaration defined "lot" to be "any numbered or lettered tract of land shown upon any plat . . . ," but expressly excluded "any tract upon which 'Recreational Facilities' have been . . . constructed." According to the Original Declaration, the definitions therein applied to the Original Declaration and any amendment thereto. The Original Declaration defined "Recreational Facilities" as "those amenities described in Section 4 of

---

[2]The Supplementary Declaration expressly provides that the property included therein, including the Parcel, is also subject to the Original Declaration.

Article X." Art. X, Section 4, in pertinent part provides: "Recreational Facilities will be constructed upon the parcel within Fieldstone Farms designated 'Recreation' upon the site plan of Fieldstone Farms filed with the City of Franklin." The Original Declaration was silent about whether any property subject to it could be subdivided. As for use, the Original Declaration provided in Art. VII, Section 2 that property in Fieldstone Farms could be used for residential purposes only.[3]

The Parcel was part of property annexed to Fieldstone Farms by the 1994 Amendment and made subject to the Original Declaration. The 1994 Amendment also amended the Original Declaration in ways not relevant to this appeal. Consequently, when the Parcel was annexed to Fieldstone Farms in 1994 under these definitions, the Parcel was expressly excluded from the definition of "lot." Since the Original Declaration was silent on whether the Parcel could be subdivided or its use revised to residential use, such actions were not expressly prohibited at that time.

In 1996, the Supplementary Declaration was filed that governed only specified sections of Fieldstone Farms, including the Parcel. The covenants in the Supplementary Declaration became applicable to the property included therein as any party acquired an interest in the property after the date the Supplementary Declaration was filed. Consequently, when Cavender acquired the Parcel in 2000, it took the property subject to the Original Declaration but also to the Supplementary Declaration as well.

It is critical to note at this juncture that, by its terms, the Supplementary Declaration could not revise the Original Declaration; it only provides additional or supplementary terms. This interpretation is not based upon the document's title, but rather by its express provision in Art. 2, Section 1 of the Supplementary Declaration, which provides in pertinent part:

> To the extent that this Declaration is inconsistent with the Fieldstone Covenants [which is the Original Declaration and its amendments], the Fieldstone Covenants shall prevail and be controlling with respect to the Property.

Consequently, since the Supplementary Declaration could not change any term in the Original Declaration, only supplement it, then the Supplementary Declaration could not revise the definition of "lot" contained in the Original Declaration. Therefore, notwithstanding any provision in the Supplementary Declaration, since the Original

---

[3]The Original Declaration excluded commercial lots from this restriction, but apparently inadvertently omitted an exclusion for recreational facilities that were clearly created under the Original Declaration. In any event, it is clear that any conversion of use may only be to residential.

Declaration *expressly* excluded recreational facilities, including the Parcel from the definition of "lot," then the Parcel is not included within the definition of "lot" and that definition could not be changed by any term in the Supplementary Declaration.

Since the Parcel is not a "lot," then the provision in the Supplementary Declaration that prohibits the subdivision of lots has no applicability to the Parcel. Since the provision relied upon by the HOA to prevent subdivision has no applicability, and since no other provision in any applicable declaration prohibits the subdivision of recreational lots into residential lots, then subdivision and conversion to residential use is not prohibited. As conceded by Cavender, the applicable declaration will govern the resulting three new residential lots.

The costs of appeal are taxed to the appellees, Fieldstone Farms Homeowners Association, Andy Baily, Harry Fisk and John Babb for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, P.J., M.S.