IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 2, 2012 Session

## JOLYN CULLUM, ET. AL. v. JAN McCOOL, ET. AL.

### Appeal from the Circuit Court for Hamilton County
No. 12C202    Hon. L. Marie Williams, Judge

---

### No. E2012-00991-COA-R3-CV-FILED-NOVEMBER 5, 2012

---

This is a negligence case in which Jolyn Cullum and Andrew Cullum sued Jan McCool, William H. McCool, and Wal-Mart for injuries arising in a Wal-Mart parking lot. Wal-Mart filed a motion to dismiss, alleging that the Cullums had failed to state a claim upon which relief could be granted. The trial court dismissed the suit against Wal-Mart. The Cullums appeal. We reverse the decision of the trial court and remand the case.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Amelia C. Roberts, Chattanooga, Tennessee, for the appellants, Jolyn Cullum and Andrew Cullum.

G. Andrew Rowlett and Behnaz Sulkowski, Nashville, Tennessee, for the appellee, Wal-Mart Stores East, LP.

### OPINION

### I. BACKGROUND

This appeal relates to the dismissal of the claims against Wal-Mart. Therefore, the factual background will mostly consist of information relevant to the appeal of the dismissal of Wal-Mart as a party. In February 2011, Jolyn Cullum visited one of the numerous stores in Tennessee operated by Wal-Mart Stores East, LP ("Wal-Mart") to purchase groceries.

When she finished shopping, Ms. Cullum returned to the parking lot, found her vehicle, and began placing the items she purchased in the trunk of her vehicle.

Unbeknownst to Ms. Cullum, Jan McCool had also left the store and was entering a vehicle at approximately the same time. Unlike Ms. Cullum, Ms. McCool's visit to the store had been unsuccessful. Ms. McCool sought prescription medications from the pharmacy department but was refused service when the employees noticed that Ms. McCool was inebriated. Upset by her inability to obtain the medications, Ms. McCool became belligerent. The employees ordered Ms. McCool to leave the store, and she complied, returned to the parking lot, and entered her vehicle. It was at this point that the two women crossed paths.

Ms. McCool put her car in reverse, backed out of her space without looking, and drove directly into Ms. Cullum, who was knocked to the ground, crushed by the shopping cart, and pinned in between the vehicles. Ms. Cullum screamed, but her cries for help went unnoticed by Ms. McCool. Bystanders stopped Ms. McCool, who drove forward, got out of her vehicle, and approached Ms. Cullum. In an apparent attempt to render assistance, Ms. McCool tried to move Ms. Cullum, injuring her further and causing excruciating pain.

Ms. Cullum and her husband, Andrew Cullum (collectively "the Cullums"), filed suit against Ms. McCool, Wal-Mart, and William H. McCool, who had entrusted his vehicle to Ms. McCool on the day of the accident. The Cullums sought damages for Ms. Cullum's physical and emotional suffering and Mr. Cullum's resulting loss of consortium. Relative to Wal-Mart, they raised claims of negligence and gross negligence. They alleged that Wal-Mart's employees were negligent because "the employees did not call the police despite [Ms. McCool's] intoxicated state and disorderly conduct." They claimed that the employees knew that Ms. McCool was alone on the day of the accident and that she would have to drive herself off the premises in order to comply with their instructions to leave the store. They asserted that the employees "acted wantonly, willfully, maliciously and/or recklessly, with an indifference to and blatant disregard of the safety of others, including" Ms. Cullum "by knowingly and recklessly compelling [Ms. McCool] to leave the store where it was plain . . . that she would be operating a motor vehicle in an intoxicated state." They noted that the employees were familiar with Ms. McCool and her "habitual intoxication."

In response, Wal-Mart filed a motion to dismiss, alleging that the Cullums failed to allege facts upon which relief could be granted. Wal-Mart asserted that dismissal was appropriate because

(1) Wal-Mart did nothing to contribute to [Ms. McCool's] intoxicated state;

(2) Wal-Mart had no legal right to prevent [Ms. McCool] from getting into her vehicle and driving away; and

(3) [T]here is no case law that imposes a duty on a retail establishment to contact the police when a customer comes to their store in a potentially intoxicated state.

Wal-Mart opined that "even if [the employees] had called the police, there [was] no guarantee that the police would have arrived in time to have prevented th[e] incident."

The Cullums responded that Wal-Mart, a commercial establishment, had a duty to protect Ms. Cullum from harm on the premises. They alleged that "[a]lthough the employees . . . recognized [Ms. McCool] as a danger[] and undertook to remove [her] from the establishment, they did nothing to protect or warn [the customers] in the parking lot." They opined that calling the police was "but one of numerous things that [the employees] could have done to guard against the criminal acts and/or protect its [customers] from the hazard posed by [Ms. McCool]." They alternatively asserted that the employees assumed a duty to act for the protection of others when the employees expelled Ms. McCool from the store.

Wal-Mart responded that the Cullums failed to establish that the employees had either the means or the ability "to keep someone whom they suspect may be intoxicated from getting into their car." Wal-Mart asserted that its employees did not undertake a duty by asking Ms. McCool to leave the store when the employees did not contribute to, condone, or accommodate her intoxicated state. In response, the Cullums insisted that the court need only determine whether they had stated a claim against Wal-Mart and that it was for the jury to determine what reasonable steps should have been taken to protect the customers.

Relying on *Lett v. Collis Foods, Incorporated*, 60 S.W.3d 95, 99 (Tenn. Ct. App. 2001), the trial court dismissed the claims of negligence and gross negligence against Wal-Mart. The court found that "the foreseeable probability and gravity of harm posed by Wal-Mart's conduct [did not] outweigh the burden upon Wal-Mart." The court continued that there was no special relationship between Wal-Mart and Ms. McCool because "none of the actions suggested by [the Cullums] would qualify as the means or ability to control Ms. McCool's conduct to the extent that they give rise to a duty to control her." The court stated,

The [c]ourt cannot find, upon reasonable inference from the facts accepted as true, that [Ms. McCool] would have cooperated and decided not to drive her car until the police or a taxi arrived. While calling the police or a taxi would have been civically admirable, the reality is that it would have had no effect in preventing [Ms. Cullum's] injuries. A key part of the "unreasonable risk"

-3-

analysis is "alternative conduct that would have prevented the harm," and the [c]ourt cannot find that calling the police or a taxi would have prevented the harm.

Likewise, the court found that Wal-Mart did not undertake a duty triggering liability. The court dismissed the claims against Wal-Mart and certified the judgment as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. This timely appeal followed.

## II. ISSUES

We consolidate and restate the issues raised on appeal by the Cullums as follows:

A. Whether Wal-Mart's relationship with its customer, Ms. Cullum, gave rise to a duty to protect her from Ms. McCool's actions in the parking lot.

B. Whether Wal-Mart's act of expelling Ms. McCool from the store gave rise to a duty to protect Ms. Cullum that was not already in existence.

## III. STANDARD OF REVIEW

The Cullums assert that we must review this case using the standards applicable to summary judgment because the trial court considered matters outside the pleadings. A motion to dismiss for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof[;] therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion." *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). When a court considers matters outside the pleadings, a motion to dismiss for failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment." Tenn. R. Civ. P. 12.02. Such was not the case here. The court merely concluded that the Cullums could prove no set of facts in support of their claims that would warrant relief. Accordingly, we will review this case using the standards applicable to the review of a motion to dismiss for failure to state a claim. In determining whether the trial court erred in granting the motion to dismiss, this court "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med*, 71 S.W.3d at 696. The complaint "should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of [the] claim that would warrant relief." *Id.* The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

### A.

The Cullums contend that Wal-Mart owed Ms. Cullum a duty to protect her from a known danger in the parking lot. They argue that they stated cognizable claims against Wal-Mart and that the trial court made an unreasonable inference by concluding that calling the police would not have prevented Ms. Cullum's injuries. Wal-Mart responds that dismissal was appropriate because it did not have a duty to control an intoxicated customer when it did not contribute to, participate in, or accommodate the customer's intoxication. Wal-Mart contends that imposing such a duty would only be appropriate if it had the means and ability to control the conduct in question.

In order to prevail in a negligence action in Tennessee, the plaintiff must prove that (1) a duty of care was owed by the defendant; (2) the defendant's conduct fell below the applicable standard of care, resulting in a breach of the duty; (3) the plaintiff suffered an injury or loss as a result of the breach of the duty; (4) the defendant's breach of the duty was cause in fact of the injury or loss; and (5) the defendant's breach of the duty was the proximate or legal cause of the injury or loss. *McClung v. Delta Square Ltd., P'ship*, 937 S.W.2d 891, 894 (Tenn. 1996). The analysis of duty is specific to the particular plaintiff and defendant involved. *Nichols v. Atnip*, 844 S.W.2d 655, 662 (Tenn. Ct. App. 1992). Whether a defendant owed a duty is a question of law, and whether that duty was breached is a question of fact. *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 366 (Tenn. 2009); *see also Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2005).

Duty is defined as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm," and a duty exists "if defendant's conduct poses an unreasonable and foreseeable risk of harm." *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). A risk is unreasonable where "the foreseeable probability and gravity of harm posed by defendant's conduct outweigh the burden upon defendant to engage in alternative conduct that would have prevented the harm." *Id.* The question of whether a duty exists "requires consideration of whether 'such a relation exists between the parties that the community will impose a legal obligation upon one for the benefit of others – or, more simply, whether the interest of the plaintiff which has suffered invasion was entitled to legal protection at the hands of the defendant.'" *Coln v. City of Savannah*, 966 S.W.2d 34, 39 (Tenn. 1998) (quoting *Prosser & Keaton on Torts* § 37 at 236 (5th ed. 1984)), *overruled on other grounds by Cross v. City of Memphis*, 20 S.W.3d 642, 645 (Tenn. 2000). "Assuming a duty of care is owed, be it a duty to refrain from creating a danger or a duty to warn against an existing danger, it must then be determined whether a defendant has conformed to the applicable standard of care." *Coln*, 966 S.W.2d

at 39. "In a negligence action, the standard of conduct is always . . . reasonable care in light of the apparent risk." *McCall*, 913 S.W.2d at 153.

In the case at bar, the trial court's dismissal of the claims against Wal-Mart was appropriate if, as a matter of law, the Cullums failed to allege sufficient facts that a duty to protect her existed and that Wal-Mart breached the applicable standard of care. In dismissing the claims against Wal-Mart, the trial court relied heavily upon this court's decision in *Lett*. In *Lett*, this court held that an employer was not liable for the actions of its employee when the employer did not have the means and ability to control the employee, who was intoxicated and insisted on driving herself home. 60 S.W.3d at 104. In so holding, this court noted that one does not generally have a duty to control the conduct of another so as to prevent that person from injuring a third party but that exceptions to the general rule apply when "'the defendant stands in some special relationship either to *the individual whose conduct threatens to cause the harm* or to the individual exposed to the harm."' *Id.* at 99 (quoting *Newton v. Tinsley*, 970 S.W.2d 490, 492 (Tenn. Ct. App. 1997)). At issue in *Lett* was the nature of the relationship between the defendant-employer and the employee that caused the harm. *Id.* at 100. In contrast, questions concerning the defendant-employer's relationship with the plaintiff, the individual harmed, which could give the plaintiff the right to protection were not at issue and were not considered in *Lett*. *Id.* In this case, Wal-Mart's relationship with Ms. Cullum was at issue, while questions concerning the relationship between Wal-Mart and the third party, Ms. McCool, were not at issue. Accordingly, the trial court's reliance upon *Lett* was misplaced because the focus should have been on Wal-Mart's potential duty to *protect* a potential plaintiff as opposed to its ability to *control* a third-party.

Specifically, the trial court should have considered whether the Cullums alleged sufficient facts to establish that Wal-Mart owed its customer, Ms. Cullum, a duty to *protect* her from the criminal acts of third parties in its parking lot. In *McClung*, the Supreme Court adopted principles to be used in "determining the duty of care owed by the owners and occupiers of business premises to customers to *protect* them against the criminal acts of third parties." 937 S.W.2d at 901-02 (emphasis added). The Court found the following principles applicable:

> A business ordinarily has no duty to protect customers from the criminal acts of third parties which occur on its premises. The business is not to be regarded as the insurer of the safety of its customers, and it has no absolute duty to implement security measures for the protection of its customers. However, a duty to take reasonable steps to protect customers arises if the business knows, or has reason to know, either from what has been or should have been observed or from past experience, that criminal acts against its customers on

-6-

its premises are reasonably foreseeable, either generally or at some particular time.

> In determining the duty that exists, the foreseeability of harm and the gravity of harm must be balanced against the commensurate burden imposed on the business to protect against that harm. In cases in which there is a high degree of foreseeability of harm and the probable harm is great, the burden imposed upon defendant may be substantial. Alternatively, in cases in which a lesser degree of foreseeability is present or the potential harm is slight, less onerous burdens may be imposed.

*Id.* at 902.

Here, the injuries to Ms. Cullum were foreseeable. Wal-Mart had *actual* notice of a specific danger on its premises when the employees expelled Ms. McCool, who was belligerent and intoxicated. The probability and gravity of the harm in the parking lot were great because the employees knew that Ms. McCool would have to drive off the premises. *See generally State v. Downey*, 945 S.W.2d 102, 104 (Tenn. 1997) ("The drunk driver cuts a wide swath of death, pain, grief, and untold injury across the roads of Tennessee. The carnage and tragedy is recorded daily in our newspapers and on our television screens."). Thus, the burden imposed upon Wal-Mart to protect its customers may be substantial. *McClung*, 937 S.W.2d at 902. With these considerations in mind, we conclude that Wal-Mart had a duty to take reasonable steps to protect its customers because the foreseeability and gravity of the harm outweighed the burden to engage in conduct that would have prevented the harm.

Wal-Mart asserts that the Cullums failed to allege what steps, if any, the employees could have taken that would have prevented the harm. We disagree. The Cullums suggested two alternative courses of conduct in support of their claims of negligence, namely the employees could have either refrained from expelling an inebriated customer from the store when they knew she would be driving in the parking lot or informed the police that an inebriated customer left the store and was about to drive in the parking lot. Taking all reasonable inferences in favor of the Cullums as we are constrained to do in our review of this case, we conclude that either suggestion was capable of preventing the harm suffered by Ms. Cullum in this case. Indeed, an officer may have already been inside Wal-Mart, in the parking lot, or mere seconds away from the premises. Additionally, the customers, both inside and outside Wal-Mart, would have been safer with an officer present given Ms. McCool's inebriated and belligerent state.

-7-

Wal-Mart opines that calling the police to report a potential drunk driver could expose the store to unfair and unwarranted civil liability. This argument is without merit when the employees were familiar with Ms. McCool's intoxicated state and believed that expelling her from the store was warranted on that day given her inebriation and belligerence. As stated previously, given the foreseeability and gravity of the harm, the burden imposed upon Wal-Mart may be substantial. While Wal-Mart's employees may not have a legal right to *prevent* Ms. McCool from leaving the store because she was inebriated, the employees did not have to actively *expel* her from the store without undertaking *some* measures to ensure the safety of the customers in the parking lot. These measures could have simply included observing Ms. McCool as she left the parking lot and ensuring that customers, including Ms. Cullum, were out of Ms. McCool's immediate path. However, it is ultimately for the trier of fact to determine "whether [Wal-Mart] breached [its] duty [to Ms. Cullum] by taking or not taking certain actions . . . based upon proof presented at trial." *Id.* at 904; *see also Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 91 (Tenn. 2000) (expressing no opinion as to whether the defendant breached the requisite duty of reasonable care); *Patterson-Khoury v. Wilson World Hotel-Cherry Rd. Inc.*, 139 S.W.3d 281, 289 (Tenn. Ct. App. 2003) (providing that it is for the trial court to ascertain whether a duty is owed, not whether the duty is breached). Accordingly, we hold that the trial court erred in dismissing the claims against Wal-Mart because the facts alleged in the complaint were capable of warranting relief.

B.

Having concluded that the Cullums alleged sufficient facts capable of establishing that Wal-Mart owed Ms. Cullum a duty to protect her from a known danger in the parking lot, the Cullums' alternative argument, namely whether Wal-Mart affirmatively undertook a duty to protect that was not already in existence, is pretermitted.

## V. CONCLUSION

The judgment of the trial court is reversed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellee, Wal-Mart Stores East, LP.

_____
JOHN W. McCLARTY, JUDGE